Amjad M. Khan (SBN 237325)
 *amjad.khan@bnsklaw.com*
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

Jennifer L. Gordon (*pro hac vice*)
 *jgordon@loriumlaw.com*
**LORIUM LAW**
180 N. LaSalle Street, Suite 3700
Chicago, Illinois 60601
Telephone: (312) 564-5757
Facsimile: (312) 564-5758

*Counsel for Plaintiff*
*Nabih "Nick" Kanaan*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NABIH "NICK" KANAAN,<br><br>Plaintiff,<br><br>v.<br><br>NIZAR YAQUB, an individual, and THE INN AT DEL MONTE BEACH, LLC, a California Limited Liability Company,<br><br>Defendant(s). | Case No. 5:21-cv-09591-BLF<br><br>Assigned for All Purposes to the Honorable Judge Beth Labson Freeman<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (FED. R. CIV. P. 12(b)(6)) AND/OR TO STRIKE PORTIONS OF THE COMPLAINT (FED. R. CIV. P. 12(f))**<br><br>**Hearing on Motion to Dismiss:**<br>Hearing Date: 07/14/22<br>Hearing Time: 09:00 am<br>Courtroom: 3 |

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (FRCP 12(b)(6)) AND/OR TO STRIKE PORTIONS OF THE COMPLAINT (FRCP 12(f)) | CASE NO.: 5:21-cv-09591

**TABLE OF CONTENTS**

I.   Introduction and Statement of Facts.................................................................................4

II.  Legal Standard: The Discovery Rule ................................................................................5

III. Legal Standard for a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)……………..6

    A.   Count I – Breach of Fiduciary Duty………………………………………….........8

    B.   Counts II through V …………………………………………………………..……9

    C.   Count VI – Fraudulent Concealment…………..……………………………….....10

IV.  Legal Standard for a Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)………....………11

V.   Conclusion……………………………………………………………………………......12

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                         **Page(s)**

*Airs Aromatics, L.L.C. v. Victoria's Secret Stores Brand Mgmt.*, 744 F.3d 595 (9th Cir. 2014) ................................................................................................................ 8, 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 7, 8

*Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) ........ 11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................ 6, 8

*El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032 (9th Cir. 2003) ............................. 5, 5

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993) ......................................... 11

*Loux v. Rhay*, 375 F.2d 55 (9th Cir. 1967) ................................................................ 7

*Ocegueda on Behalf of Facebook v. Zuckerberg*, 526 F. Supp. 3d 637 (2021) ........... 8

*Parks Sch. of Bus. v. Symington*, 51 F.3d 1480 (9th Cir. 1995) ................................. 6

*S. Ferry LP v. Killinger*, 542 F.3d 776 (9th Cir. 2008) ............................................. 6

*Sloan v. GM, L.L.C.*, 287 F. Supp. 3d 840 (N.D. Cal. 2018) ..................................... 5

*Sloan v. GM, L.L.C.*, No. 16-cv-07244-EMC, 2017 U.S. Dist. LEXIS 62809 (N.D. Cal. Feb. 7, 2018) ......................................................................................................................... 6

*Tracht Gut, L.L.C. v. L.A. Cnty. Treasurer & Tax Collector*, 836 F.3d 1146 (9th Cir. 2016) ...... 6

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010) ................ 11, 11

*Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925 (N.D. Cal. 2014) ..................... 7, 9

**State Cases**

*Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914 (Cal. 2005) ................................... 5

**Rules**

Fed. R. Civ. P. 8 ........................................................................................................ 8

Fed. R. Civ. P. 12 ................................................................................... 3, 6, 11, 11

**Other**

(William W Schwarzer, A. Wallace Tashima, James M. Wagstaffe, Federal Civil Procedure Before Trial, (The Rutter Group 2014) 8:1553.) ........................................................ 7

RESPONSE IN OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (FRCP 12(b)(6)) AND/OR TO STRIKE PORTIONS OF THE COMPLAINT (FRCP 12(f)) | CASE NO.: 5:21-cv-09591

Plaintiff, Nabih "Nick" Kanaan ("Kanaan") files this Response in Opposition to Defendants Nizar Yaqub's ("Yaqub") and The Inn at Del Monte Beach, LLC's ("The LLC") Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted (Fed. R. Civ. P. 12(b)(6)) and/or to Strike Portions of the Complaint (*Id.* R. 12(f)).

### I.    Introduction and Statement of Facts

Plaintiff filed its initial Complaint on or about December 10, 2021. The initial Complaint contained a typographical error, misstating a date as "2010" when it was meant to read "2019". (See Declaration of Jennifer Gordon).  This error was not noticed until the filing of Defendants' Motion to Dismiss the Complaint, which contained arguments that the claims were barred by statute of limitations.  Upon discovery of this error, Plaintiff's counsel promptly contacted counsel for Defendants to explain the typographical error and request their agreement to file Plaintiff's Motion for Leave to File First Amended Complaint to correct the typographical error and include more specific date information in the allegations. Defendants' counsel agreed, and Plaintiff's Motion for Leave to File First Amended Complaint was filed unopposed on or about February 16, 2022.  Plaintiff's Motion for Leave to File First Amended Complaint was reviewed by this Court and allowed as a matter of course on or about February 18, 2022.

Defendants filed their Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion") on or about March 2, 2022. The majority of Defendants' Motion to Dismiss is based on the Defendants ignoring the contents of Plaintiff's Motion for Leave to File the First Amended Complaint, counsel for Defendants' prior communications with counsel for Plaintiff, and the Federal Rules of Civil Procedure – all of which counsel for Defendants had knowledge and awareness prior to the filing of Plaintiff's Motion.

Defendants initially argue that "Plaintiff simply changed the date" from 2010 to 2019 "without explanation in the pleadings." As set forth elsewhere herein, an explanation was indeed given for the date change – it was a typographical error, notice of which was given to counsel for Defendant and for which Plaintiff obtained agreement to file prior to doing so. The explanation for the change of date was additionally set forth in Plaintiff's Motion for Leave to File Amended Complaint. Defendants cite no authority for their contention that the reasons for amending a pleading must also be set forth in the amended pleading itself. Additionally, as set forth in the First Amended Complaint, Plaintiff pleads that he was prevented from discovering the causes of action alleged due to the deliberate fraudulent concealment of facts and actions from Plaintiff on the part of Defendants.

Defendants next argue that, if the Court does not agree with their claims regarding the statute of limitations for the claims, those same claims of the First Amended Complaint must be stricken on the same legal grounds.

**II.        Legal Standard: The Discovery Rule**

Under the "discovery rule," the time for the statute of limitations will not begin to run until the plaintiff has discovered or has reason to discover the cause of action, such as when a reasonable person would be suspicious. *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914 (Cal. 2005) (Cal. S. Ct. 2005). Under California law, the discovery rule can apply to contract claims when discovery of the breach of contract is hindered by misrepresentations and fraud such that the breach was not reasonably discoverable by the plaintiff. *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1039 (9th Cir. 2003). The rationale is that plaintiffs should not suffer the consequences of the statute of limitations when they have been prevented from knowing they were harmed; therefore, if (1) "the injury or the act causing the injury, or both, have been difficult for the plaintiff to detect"; 2) "the defendant has been in a far superior position to

comprehend the act and the injury"; or 3) "the defendant had reason to believe the plaintiff remained ignorant [that] he had been wronged" the discovery rule will apply. *Id.* (internal citations and quotation marks omitted).

To adequately plead the discovery rule, a plaintiff is required to "plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Sloan v. GM, L.L.C.*, 287 F. Supp. 3d 840, 891 (N.D. Cal. 2018) (citing *Sloan v. GM, L.L.C.*, No. 16-cv-07244-EMC, 2017 U.S. Dist. LEXIS 62809, at *19 (N.D. Cal. Feb. 7, 2018)).

In its First Amended Complaint, Plaintiff alleges to have his first notice of potential wrongful conduct by Defendants on approximately June 1, 2018, via a letter sent to him by then-counsel for Defendants. The First Amended Complaint alleges that the Defendant LLC was a passive investment vehicle that purchased and held real estate. Plaintiff was a member but not manager of Defendant LLC. The operating agreement of Defendant LLC stated that no regular meetings of Defendant LLC were required. The First Amended Complaint further alleges that Defendant Yaqub actively concealed the conduct of Defendant LLC from Plaintiff by, among other things, drafting and executing a "new" operating agreement for Defendant LLC without providing notice to Plaintiff, changing Plaintiff's ownership interest in Defendant LLC without notice to Plaintiff, and instituting a capital call without notice to Plaintiff. See First Amended Complaint, ¶75. Accordingly, Plaintiff has satisfied the requirements under California law for application of the discovery rule to the facts and resultant causes of action in this case.

### III. Legal Standard for a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A motion to dismiss tests the legal sufficiency of the claims alleged in the complaint. See *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In reviewing the adequacy of the complaint, the Court must accept all well-pleaded allegations as true. *South*

6

RESPONSE IN OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (FRCP 12(b)(6)) AND/OR TO STRIKE PORTIONS OF THE COMPLAINT (FRCP 12(f)) | CASE NO.: 5:21-cv-09591

*S. Ferry LP v. Killinger*, 542 F.3d 776, 782 (9th Cir. 2008). Furthermore, all reasonable inferences must be drawn in favor of the plaintiff. *Tracht Gut, L.L.C. v. L.A. Cnty. Treasurer & Tax Collector,* 836 F.3d 1146, 1150 (9th Cir. 2016) The "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) In other words, "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" *Id.* . . . . "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely." *Bell Atl. Corp.*, 550 U.S. at 556.

  Defendants' argument that the reasons for amending the First Amended Complaint must be set forth therein is without merit. Indeed, "it is well-established that an amended pleading supersedes the original pleading and renders it of no legal effect, unless the amended complaint incorporates by reference portions of the prior pleading." *Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 936 (N.D. Cal. 2014). "The amended complaint supersedes the original, the latter being treated thereafter as nonexistent." *Id.* (citing *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). "While prior pleadings may be *admissible in evidence* against the pleader, *see* (William W Schwarzer, A. Wallace Tashima, James M. Wagstaffe, Federal Civil Procedure Before Trial, (The Rutter Group 2014) 8:1553.) (emphasis added), the Court is bound to accept as true allegations in the operative pleading on a motion to dismiss, *id.* § 9:6 (2014) and generally cannot consider evidence outside the pleadings without converting a motion to dismiss into a motion for summary judgment. *id.*, *supra*:233 (footnote added)." *Id.*

7

### A. Count I – Breach of Fiduciary Duty

Defendants argue that the four-year statute of limitations bars Plaintiff's claim for breach of fiduciary duty by referring to the (now corrected) dates in the original Complaint. As set forth herein, Defendants may not ask the Court to reference evidence outside the operative pleading when considering a motion to dismiss. *Id.* . . .

Defendants next argue that Plaintiff does not allege how the pertinent facts were discovered nor why they were not made before. "STANDARDA complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief' to give the defendant 'fair notice' of what the claims are and the grounds upon which they rest." *Ocegueda on Behalf of Facebook v. Zuckerberg*, 526 F. Supp. 3d 637, 644-45, 2021 (2021) (citing Fed. R. Civ. P. 8(a)(2)); *Bell Atl. Corp.*, 550 U.S. at 555. "A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level [.]" *Id.* . . . . To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, state a claim to relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678.

In support of their contention, Defendants cite to *Airs Aromatic, LLC v. Victoria's Secret Stores Brand* for their position that Plaintiff has amended pleadings to directly contradict an earlier assertion in the same proceeding. *Airs Aromatics, L.L.C. v. Victoria's Secret Stores Brand Mgmt.*, 744 F.3d 595 (9th Cir. 2014). In *Airs Aromatic*, the plaintiff had alleged before the court that it was not actively using a trademark from the period 2004 through 2011 and rested the theory of its case on the basis that litigation related to its trademark, and not business activity

8

RESPONSE IN OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (FRCP 12(b)(6)) AND/OR TO STRIKE PORTIONS OF THE COMPLAINT (FRCP 12(f)) | CASE NO.: 5:21-cv-09591

with the trademark, was sufficient to establish continuous usage. Plaintiff requested leave to amend its complaint to allege facts that would establish continuous usage. *Id.* at 600. The Court denied plaintiff's request because the proposed amendments would directly contradict prior assertions made by plaintiff that it was not using its trademark. The Court dismissed the plaintiff's complaint without leave to amend because "amendment would be futile." *Id.* . . . .

The present case is plainly distinguishable from *Air Aromatic* because, first and foremost, the Court has already allowed the filing of Plaintiff's First Amended Complaint, rendering the original Complaint non-existent for purposes of ruling on the present Motion. *Williams*, 26 F. Supp. 3d at 936. Nonetheless, the reasons set forth in Plaintiff's Motion for Leave to File Amended Complaint inform the Court and Defendants of the typographical error in its initial filing correcting an error in the year. Plaintiff's counsel has further filed a sworn declaration in support of this response attesting to the same. Plaintiff's First Amended Complaint does not add facts that contradict prior assertions in the case since Plaintiff is merely correcting a typo made by his lawyer with leave of this Court to do so. Defendants have erected a strawman argument that by correcting a typo, Plaintiff's First Amended Complaint has contradicted the original complaint, and that a motion to dismiss should be granted on that basis alone – *Airs Aromatic* supports no such result, and Defendants cite to no further authority supporting such a result.

In the First Amended Complaint, Plaintiff also further specified and clarified dates relevant to its allegations – as is his right to do – but none of those additional allegations directly contradict prior allegations made in the original complaint, and Defendants cannot point to any such contradictions other than by unfairly characterizing an inadvertent typo with a deliberate factual assertion that is supposedly contradicted by the correction.

### B. Counts II through V

Counts II through V of Plaintiff's First Amended Complaint are as follows:

RESPONSE IN OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (FRCP 12(b)(6)) AND/OR TO STRIKE PORTIONS OF THE COMPLAINT (FRCP 12(f)) | CASE NO.: 5:21-cv-09591

Count II – Breach of Contract

Count III – Breach of the Implied Covenant of Good Faith and Fair Dealing

Count IV – Unfair Business Practices

Count V – Declaratory Relief and Injunctive Relief

Defendants' arguments for dismissal of Count II, Count III, Count IV, and Count V are again based on statute of limitations timelines. As set forth earlier herein, Plaintiff has sufficiently plead facts to describe when (approximately June 1, 2018) and how (via letter from Defendant's then-counsel) he first had notice of what turned out to be Defendants' activity giving rise to this case. Accordingly, Plaintiff has sufficiently plead facts to entitle him to invoke the Discovery Rule to overcome any statute of limitations defenses.

### C. Count VI – Fraudulent Concealment

Defendants next argue that Plaintiff as failed to sufficiently plead a cause of action for fraudulent concealment. Contrary to Defendant's position, Plaintiff has indeed adequately alleged when he learned of the facts concealed by Defendant Yaqub – specifically via a letter received by Plaintiff from Defendant's then-counsel on or about June 1, 2018. As set forth in the First Amended Complaint, this was not the date upon which Plaintiff discovered the entirety and extent of Defendants' wrongful conduct, but it was the date upon which Plaintiff first had notice that Defendants may have committed misconduct. Plaintiff's investigation and attempt to extract information from Defendants thereafter revealed at least part of the misconduct. Plaintiff has also sufficiently alleged how he would have acted differently had the concealment not occurred. As stated in the First Amended Complaint, Defendant's concealment was to induce Plaintiff to refrain from investigating into the records and actions of the Defendant LLC. See First Amended Complaint, ¶¶76-8. Thus, Plaintiff would have investigated into the records and actions of the Defendant LLC had the concealment not occurred. Also, as is evident, Plaintiff would have filed

RESPONSE IN OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (FRCP 12(b)(6)) AND/OR TO STRIKE PORTIONS OF THE COMPLAINT (FRCP 12(f)) | CASE NO.: 5:21-cv-09591

suit against Defendants based on their actions earlier upon discovery of said actions had the concealment not occurred. Finally with respect to the damage sustained by Plaintiff as a result of the concealment, Plaintiff has alleged lost profits from the Property and loss of distributions from The LLC among other damages. See First Amended Complaint, ¶79.

Accordingly, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint should be denied in its entirety. Should the Court grant Defendant's Motion, in whole or in part, Plaintiff requests leave to amend its pleading to correct any potential deficiencies and allow the case to proceed to decision on the merits.

### IV.    Legal Standard for a Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)

Fed. R. Civ. P. 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A matter is impertinent if it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* . . .  The function of a motion made under this rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation marks and citation omitted). "While a Fed. R. Civ. P. 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT&T Pension Benefit Plan,* 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).

Defendants' argument can be distilled to utilizing Fed. R. Civ. P. 12(f) as a workaround should their Fed. R. Civ. P. 12(b)(6) arguments not persuade this Court. That is not the purpose

of Fed. R. Civ. P. 12(f), and Fed. R. Civ. P. 12(f) is not meant to duplicate Fed. R. Civ. P. 12(b)(6). *Whittlestone, Inc.*, 618 F.3d at 974.  Rather than Defendants pointing to any specific information in the First Amended Complaint and arguing it to be immaterial or impertinent, Defendants request that the Court strike the entirety of the claims as being time-barred by the statute of limitations for each claim. This is merely duplicating Defendants' arguments pursuant to Fed. R. Civ. P. 12(b)(6) and not properly invoking the use of Fed. R. Civ. P. 12(f) to clarify or simplify the First Amended Complaint.

Accordingly, Defendants' Motion to Strike the claims of the First Amended Complaint pursuant to Fed. R. Civ. P. 12(f) should be denied in its entirety.

**V.    Conclusion**

Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) in its entirety, deny Defendants' Motion to Strike Pursuant to Fed. R. Civ. P. 12(f), or, should this Court grant either in whole or in part, grant Plaintiff leave to amend its pleadings.

Dated: March 16, 2022

Respectfully submitted,
/s/ Amjad M. Khan
Amjad M. Khan
  amjad.khan@bnsklaw.com
**BROWN NERI SMITH KHAN, LLP**
11601 Wilshire Blvd #2080
Los Angeles, CA 90025
Telephone: 310 593 9899

/s/ Jennifer L. Gordon
Jennifer L. Gordon (*pro hac vice forthcoming*)
  jgordon@loriumlaw.com
**LORIUM LAW**
180 N. LaSalle Street, Suite 3700
Chicago, Illinois 60601
Telephone: (312) 564-5757

*Counsel for Plaintiff
Nabih "Nick" Kanaan*