**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NABIH KANAAN,<br><br>            Plaintiff,<br><br>     v.<br><br>NIZAR YAQUB, and individual; and THE INN AT DEL MONTE BEACH, LLC, a California Limited Liability Company,<br><br>            Defendants. | Case No.  21-cv-09591-BLF<br><br>**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT**<br><br>[Re:  ECF 20] |

This case arises out of a falling-out between Plaintiff Nabih Kanaan and Defendant Nizar Yaqub, the two members of a profitable limited liability company, The Inn at Del Monte Beach, LLC ("the LLC"). Kanaan alleges that Yaqub engaged in fraud and other misconduct for the purpose of squeezing Kanaan out of the LLC and converting to himself all or most of Kanaan's ownership interest. Kanaan sues Yaqub and the LLC (collectively, "Defendants") for breach of contract, fraud, and related claims under California law.

Defendants move to dismiss the first amended complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to strike portions of the FAC under Federal Rule of Civil Procedure 12(f). The motion is opposed by Kanaan. The Court previously vacated the July 14, 2022 hearing on the motion. *See* Order Submitting Mot., ECF 39.

The motion is DENIED for the reasons discussed below.

## I. BACKGROUND

Kanaan filed this action on December 10, 2021. *See* Compl., ECF 1. In the complaint, Kanaan described investments he entered into with Yaqub and Yaqub's wife, Linda Seeley, dating back to 1998. Compl. ¶¶ 10-15. Kanaan, Yaqub, and Seeley formed the LLC in 2007, with Kanaan holding a 30% interest and Seeley holding a 70% interest. *Id*. ¶ 16. Seeley died in 2011. *Id*. ¶ 21.

Of particular importance here, the complaint alleged that, "*In 2010*, Plaintiff discovered that Seeley had used The LLC's credit cards and other business funds to pay for her personal medical debts without Plaintiff's knowledge or approval." Compl. ¶ 30 (emphasis added). The complaint alleged further that, "*At that time*, Plaintiff also discovered that Yaqub and Seeley had used The LLC's credits cards and other business funds to pay for other personal expenses without Plaintiff's knowledge or approval." *Id*. ¶ 31 (emphasis added). The complaint also alleged that after Seeley's death, Yaqub falsified documents to reflect that he is the sole or majority member of the LLC. *See id.* ¶¶ 22-25. Based on those allegations, Kanaan asserted claims for: (1) breach of fiduciary duty, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, (4) violation of California Business & Professions Code § 17200, (5) declaratory and injunctive relief, and (6) fraudulent concealment.

On January 26, 2022, Defendants filed a motion to dismiss the complaint under Rule 12(b)(6) or, alternatively, to strike portions of the complaint under Rule 12(f). *See* Mot., ECF 12. The motion was based primarily on statute of limitations grounds in light of Kanaan's allegation that he discovered the credit card misuse in 2010. *See id.* Kanaan filed an administrative motion seeking an extension of time to file an amended complaint. *See* Admin. Mot., ECF 17. Kanaan asserted that amendment was necessary to correct a typographical error in the complaint, specifically, the allegation that he discovered the credit card misuse in 2010. *See id.* ¶ 6. Kanaan represented that the correct discovery date was 2019. *See id.* Defendants agreed to the request for extension. *See id.* ¶ 8. Kanaan filed the operative FAC on February 16, 2022, correcting the typographical error and adding allegations regarding his discovery of wrongdoing by Seeley and Yaqub. *See* FAC, ECF 18.

2

On February 18, 2022, the Court issued an order terminating as moot Defendants' pending motion to dismiss or strike the original complaint. *See* Order Terminating Mot., ECF 19. The Court indicated that Kanaan had timely amended his complaint as of right under Federal Rule of Civil Procedure 15(a), which provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a). Defendants' motion to dismiss or strike was filed on January 26, 2022, and Kanaan filed his FAC twenty-one days later on February 16, 2022. The Court terminated Kanaan's administrative motion for an extension of time as moot. *See* Order Terminating Mot., ECF 19.

The operative FAC asserts the same six claims as the original complaint: (1) breach of fiduciary duty, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, (4) violation of California Business & Professions Code § 17200, (5) declaratory and injunctive relief, and (6) fraudulent concealment. Defendants move to dismiss those claims under Rule 12(b)(6) or, alternatively, to strike portions of the claims under Rule 12(f).

## II.   LEGAL STANDARD

### A.   Motion to Dismiss under Rule 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### B.   Motion to Strike under Rule 12(f)

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are "generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2012) (citations omitted).

3

### III. DISCUSSION

The Court first addresses Defendants' motion to dismiss, and then their alternative motion to strike. Before taking up those motions, however, the Court briefly addresses the parties' evidentiary submissions.

Defendants' motion is accompanied by a request that the Court take judicial notice of two documents previously filed in this action, Kanaan's original complaint and Defendants' motion to dismiss the original complaint. *See* Ds.' RJN, ECF 20-2. That request for judicial notice is GRANTED. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

Kanaan has submitted a declaration of counsel, explaining the circumstances of the correction of the typographical error in the original complaint. *See* Gordon Decl., ECF 21-1. Defendants have submitted two declarations of counsel with their reply, both attaching correspondence with Kanaan's counsel regarding the filing of the FAC. *See* Murray Decl., ECF 22-1; Rich Decl., ECF 22-2. The Court cannot consider any of the declarations of counsel, or the attached exhibits. When evaluating a motion under Rule 12(b)(6) or Rule 12(f), the district court may consider only the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice. *See Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (Rule 12(b)(6)); *Maxum Indem. Co. v. Polymer80, Inc.*, No. 2:21-cv-05852-FLA (GJSx), 2022 WL 3013134, at *2 (C.D. Cal. Apr. 18, 2022) (Rule 12(f)). The declarations of counsel and attached exhibits are not appropriate material for incorporation by reference or judicial notice. Accordingly, the parties' requests that the Court consider those declarations and exhibits in ruling on the current motion is DENIED.

### A. Motion to Dismiss under Rule 12(b)(6)

Defendants move to dismiss five out of the six claims asserted in the FAC on statute of limitations grounds, including: Claim 1 for breach of fiduciary duty, Claim 2 for breach of contract, Claim 3 for breach of the implied covenant of good faith and fair dealing, Claim 4 for violation of California Business & Professions Code § 17200, and Claim 5 for declaratory and injunctive relief. Defendants move to dismiss Claim 6, for fraud/concealment, on the ground that

4

1    it fails to allege sufficient facts.  Kanaan argues that no time bar appears on the face of the FAC
2    and that his fraud claim is adequately pled.

### 1. Statute of Limitations (Claims 1-5)

As noted above, Defendants argue that Claims 1-5 are barred by the applicable limitations periods.  "When the running of the statute is apparent from the face of the complaint . . . then the defense may be raised by a motion to dismiss."  *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980).  A federal court sitting in diversity[1] must apply the forum state's choice of law rules to determine the controlling substantive law, including the applicable statute of limitations.  *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1008 (9th Cir. 2011).  "Where, as here, parties do not address choice-of-law issues, California courts presumptively apply California law."  *Id*.

Under California law, Claims 1-4 are governed by a four-year limitations period.  *See Thomson v. Canyon*, 198 Cal. App. 4th 594, 606 (2011) (breach of fiduciary duty); Cal. Civ. Proc. Code § 337(a) (breach of contract and breach of implied covenant); Cal. Bus. & Prof. Code § 17208 (violation of § 17200).  Claim 5 is not governed by a separate limitations period, because "[d]eclaratory and injunctive relief are not independent claims, rather they are forms of relief."  *Santos v. Countrywide Home Loans*, No. 2:09-02642 WBS DAD, 2009 WL 3756337, at *5 (E.D. Cal. Nov. 6, 2009).

It is not apparent from the face of the FAC that the four-year limitations period ran before Kanaan filed this suit.  In the FAC, Kanaan alleges that Seeley purportedly transferred all her ownership interest in the LLC to Yaqub in April 2011 via an Option Notice, and that after Seeley's death, Yaqub – purporting to be the sole member of the LLC – drafted a First Amended Operating Agreement for the LLC in December 2011.  FAC ¶¶ 20-22.  Kanaan alleges that he was not advised of, and had no knowledge of, those transactions.  *Id*.  According to Kanaan, he received a letter from Yaqub's counsel on June 1, 2018, stating that a capital call was held for the LLC in 2010 and that Kanaan's equity interest in the LLC had been decreased from 30% to 8%.

---

[1] Subject matter jurisdiction in this case is based on diversity of citizenship.  *See* FAC ¶ 8.

1   *Id.* ¶ 29.  In September 2019, Kanaan discovered that Seeley and Yaqub had used the LLC's credit
2   cards for personal expenses, including Seeley's medical bills.  *Id.* ¶¶ 31-32.

3   Based on these allegations, the four-year limitations period at issue here began to run at the earliest on June 1, 2018, when Kanaan discovered the drastic reduction of his equity interest in the LLC.  While a cause of action generally "accrues at the time when the cause of action is complete with all of its elements," under California law the discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806-07 (2005) (internal quotation marks and citation omitted).  It appears from the face of the FAC that the four-year limitations period expired on June 1, 2022.  Kanaan filed this suit prior to that date, on December 10, 2021.

Defendants urge the Court to disregard Kanaan's allegations regarding his June 1, 2018 discovery of wrongdoing, and to "hold Plaintiff to his original averments" that he discovered wrongdoing in 2010.  *See* Mot. at 6, ECF 20-1.  Defendants rely on the Ninth Circuit's panel decision in *Airs Aromatics*, which held that "[a] party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding." *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (internal quotation marks, citation, and brackets omitted).  While the quoted language from *Airs Aromatics* certainly supports Defendants' position, other panels of the Ninth Circuit have held both before and after *Airs Aromatics* that a party *can* amend a pleading to directly contradict an earlier iteration.

For example, in *PAE* a panel of the Ninth Circuit held that "there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations." *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007).  The *PAE* court stated that, "[u]nless there is a showing that the party acted in bad faith – a showing that can only be made after the party is given an opportunity to respond under the procedures of Rule 11 – inconsistent allegations are simply not a basis for striking the pleading." *Id.*  The *PAE* court reversed the district court's order dismissing an amended pleading after striking allegations that were inconsistent with the prior pleading.  *See id.*  More recently, another panel of the Ninth Circuit cited *PAE* when it reiterated that "nothing in the Federal Rules of Civil

6

1  Procedure prohibits inconsistent pleadings." *Allen v. City of Arcata*, 691 F. App'x 461, 463 (9th
2  Cir. 2017).
3        This Court cannot follow both Ninth Circuit lines of cases at the same time. Like many
4  other district courts within the Ninth Circuit, this Court elects to follow the *PAE* line of cases,
5  which is more consistent with the Ninth Circuit's liberal policy favoring amendment. *See, e.g.,*
6  *Jefferson v. Raisen*, No. CV 19-9107-DMG (MAAx), 2020 WL 6440034, at *5 (C.D. Cal. Aug.
7  14, 2020) ("Given that the Court cannot follow *PAE*, *Corinthian Colleges*, and *Reddy* at the same
8  time, it will adhere to clearer Ninth Circuit precedent requiring that courts must liberally grant
9  leave to amend."); *Hernandez v. Schaad*, No. 17-CV-04055-HSG, 2017 WL 6731624, at *3 (N.D.
10 Cal. Dec. 29, 2017) (noting inconsistency between *Airs Aromatics* and *PAE* and following *PAE*).
11 Accordingly, this Court evaluates Defendants' statute of limitations challenge based on the
12 allegations of the FAC. As discussed above, no time-bar arises from the dates alleged in the FAC.
13       Defendants suggest in their reply that even if Kanaan's amendment of his pleading to
14 correct a typographical error was appropriate, Kanaan should have included an explanation for the
15 changes to his factual allegations in the FAC. Imposing such a requirement would be inconsistent
16 with *PAE*, which this Court follows here. Moreover, the Court notes that Kanaan provided an
17 explanation for the amendment – the need to correct the 2010 discovery date erroneously alleged
18 in the original complaint – in his administrative motion filed contemporaneously with his FAC.
19 *See* Admin. Mot. ¶ 6, ECF 17. The Court is at a loss to understand Defendants' insistence that the
20 explanation should have been repeated in the FAC itself.
21       Defendants' motion to dismiss Claims 1-5 on statute of limitations grounds is DENIED.

### 2. Fraudulent Concealment Allegations (Claim 6)

23 Defendants contend that Kanaan has not alleged all the elements of Claim 6, for fraudulent
24 concealment. "The required elements for fraudulent concealment are (1) concealment or
25 suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff;
26 (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the
27 fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she
28 had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of

7

the concealment or suppression of the fact." *Hambrick v. Healthcare Partners Med. Grp., Inc.*, 238 Cal. App. 4th 124, 162 (2015) (internal quotation marks and citation omitted).

The FAC alleges the following: Yaqub initiated a capital call for the LLC. FAC ¶ 75. Yaqub, as a controlling interest holder in the LLC, owed fiduciary duties of care and fidelity to Kanaan as a noncontrolling minority interest holder of the LLC. *Id.* ¶ 35. Yaqub nonetheless failed to inform Kanaan of the capital call. *Id.* ¶ 29. Yaqub drafted minutes memorializing Kanaan's failure to respond to the capital call with a capital contribution, and purporting to revise the membership interests in the LLC such that Yaqub held a 92% interest and Kanaan held an 8% interest. *Id.* ¶ 30. Yaqub also drafted and executed an Amended Operating Agreement for the LLC. *Id.* ¶ 22. The Operating Agreement states that unanimous approval of the LLC's members is required for any amendment. *Id.* ¶ 33. Yaqub nonetheless did not give notice of the amendment to Kanaan or obtain his approval of the amendment. *Id.* ¶¶ 22, 33. By taking these actions and concealing them from Kanaan, Yaqub intended to defraud Kanaan of his ownership interest in the LLC, thus squeezing Kanaan out of the LLC. FAC ¶¶ 1-3. Yaqub also intended to induce Kanaan not to investigate the records and actions of the LLC, and had Kanaan been aware of the facts concealed by Yaqub, Kanaan would have acted differently. *Id.* ¶¶ 77-78. Kanaan suffered damages as a result of Yaqub's actions, including loss of ownership interest and distributions from the LLC. *Id.* ¶ 79.

Kanaan's allegations satisfy all of the elements of a claim for fraudulent concealment. The Court finds Defendants' arguments to the contrary to be utterly unpersuasive and bordering on the frivolous. Defendants contend that Kanaan has not adequately alleged when he learned of Yaqub's misconduct and why he did not learn of the misconduct earlier. However, Kanaan alleges that he learned about the misconduct relating to the purported capital call when he received the letter on June 1, 2018, advising him of the drastic reduction of his equity interest in the LLC, and that Yaqub did not advise him of the capital call. Defendants argue that Kanaan has not allowed how he would have acted differently if he had known about the misconduct Yaqub concealed. Kanaan alleges that Yaqub concealed his misconduct so that Kanaan would not investigate the records and actions of the LLC and that Kanaan would have acted differently – that

is, would have investigated – had he been aware of Yaqub's misconduct. These allegations give rise to a reasonable inference that Kanaan would have acted to protect his interest in the LLC had Yaqub not concealed his misconduct. Finally, Defendants argue that Kanaan's allegations are insufficient because Kanaan's damages flow from Yaqub's alleged wrongful *acts* and not the fraudulent *concealment* of those acts. Kanaan's theory is that Yaqub essentially stole Kanaan's ownership interest in the LLC and prevented Kanaan from acting to protect his ownership interest by concealing the purported capital call and amendment to the Operating Agreement. Kanaan's damages thus flow from Yaqub's alleged fraudulent conduct and fraudulent concealment of that conduct. Yaqub has not cited any case authority suggesting that something more is required to state a claim for fraudulent concealment.

Defendants' motion to dismiss Claim 6 is DENIED.

### B. Motion to Strike under Rule 12(f)

Defendants' alternative motion to strike is based on the same meritless arguments underpinning their motion to dismiss, that is, their arguments that Claims 1-5 are time-barred and that Claim 6 is inadequately pled.

Defendants' alternative motion to strike is DENIED.

## IV. ORDER

(1) Defendants' motion to dismiss or strike the FAC is DENIED.

(2) This order terminates ECF 20.

Dated: August 15, 2022

_____
BETH LABSON FREEMAN
United States District Judge