UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NABIH KANAAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NIZAR YAQUB,<br><br>　　　　Defendant. | Case No. 21-cv-09591-BLF<br><br>**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT; AND VACATING JANUARY 5, 2023 HEARING**<br><br>[Re: ECF 41] |

　　　　Plaintiff Nabih Kanaan ("Kanaan") alleges that he and Defendant Nizar Yaqub ("Yaqub") are the sole members of a limited liability company, The Inn at Del Monte Beach, LLC ("the LLC"). Kanaan asserts that Yaqub has engaged in fraud and other misconduct to squeeze Kanaan out of the LLC and convert Kanaan's ownership interest to himself. Kanaan's operative first amended complaint ("FAC") asserts state law claims against both Yaqub and the LLC (collectively, "Defendants") for breach of fiduciary duty, breach of contract, breach of the implied covenant of good faith and fair dealing, violation of California Business & Professions Code § 17200, declaratory and injunctive relief, and fraudulent concealment. *See* FAC, ECF 18. Subject matter jurisdiction is premised on diversity of citizenship. *See id.* ¶ 8.

　　　　Before the Court is Defendants' motion to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, here, diversity jurisdiction. *See* ECF 41 ("MTD"). The Court finds the motion to dismiss suitable for decision without oral argument. *See* Civ. L.R. 7-1(b). The hearing previously set for January 5, 2023 is VACATED.

1   The thrust of the motion to dismiss is that complete diversity of citizenship does not exist because Kanaan alleges that he is a citizen of Illinois and that he is an owner/member of the LLC. *See* FAC ¶¶ 4, 35.  "For purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its owners/members are citizens." *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (internal quotation marks and citation omitted).  Because Plaintiff Kanaan and Defendant LLC share Illinois citizenship, there was no diversity jurisdiction at the time the action was filed.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (Diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant.").

In response to Defendants' motion to dismiss, Kanaan voluntarily dismissed the LLC from the action under Federal Rule of Civil Procedure 41(a)(1)(A)(i).  *See* Pl.'s Not. of Voluntary Dismissal, ECF 42.  Kanaan thereafter filed a one-page opposition, arguing that the motion to dismiss should be denied as moot.  *See* Pl.'s Opp., ECF 43.  There is complete diversity of citizenship between Kanaan, a citizen of Illinois, and Yaqub, a citizen of California.  *See* FAC ¶¶ 4-5.  Yaqub did not file a reply in support of the motion to dismiss, apparently conceding Kanaan's assertion that the motion is moot.

Although subject matter jurisdiction ordinarily is determined at the time an action is filed, a well-established exception to the time-of-filing rule allows a court to "cure a jurisdictional defect by dismissing a dispensable nondiverse party" at any time, even after judgment has been rendered and an appeal has been filed.  *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 573 (2004).  The court's authority to cure a jurisdictional defect in this manner flows from Federal Rule of Civil Procedure 21, which provides that "the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21; *see also Grupo Dataflux*, 541 U.S. at 573 (citing Rule 21).  The Ninth Circuit has characterized Rule 21 "as a grant of discretionary power to the federal court to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19."  *Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1142 (9th Cir. 2003) (internal quotation marks, citation, and brackets omitted).

Yaqub did not file a reply to Kanaan's opposition, thereby foregoing his opportunity to

2

argue that the LLC is an indispensable party. Such an argument would have been unsuccessful in any event, as it is clear from the face of the FAC that the LLC is not an indispensable party to Kanaan's claims against Yaqub that are grounded in Yaqub's own alleged misconduct. Those claims include breach of fiduciary duty, breach of contract, and fraudulent concealment. The Court thus concludes that under the well-established exception to the time-of-filing rule discussed above, Kanaan's voluntary dismissal of the LLC cured the jurisdictional defect that existed when the action was filed. The motion to dismiss is DENIED on that basis.

**ORDER**

(1) The motion to dismiss for lack of subject matter jurisdiction is DENIED;

(2) The hearing previously scheduled for January 5, 2023 is VACATED; and

(3) This order terminates ECF 41.

Dated:  October 27, 2022

_____
BETH LABSON FREEMAN
United States District Judge