Amjad M. Khan (SBN 237325)
 *amjad.khan@bnsklaw.com*
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile:  (310) 593-9980

Jennifer L. Gordon (*pro hac vice)*
*jgordon@loriumlaw.com*
**LORIUM LAW**
180 N. LaSalle Street, Suite 3700
Chicago, Illinois   60601
Telephone: (312) 564-5757
Facsimile: (312) 564-5758

*Counsel for Plaintiff*
*Nabih "Nick" Kanaan*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NABIH "NICK" KANAAN,<br><br>Plaintiff,<br><br>v.<br><br>NIZAR YAQUB, an individual,<br><br>Defendant(s). | Case No. 5:21-cv-09591<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Hearing Date:   March 30, 2023<br>Time:               9:00 A.M.<br>Courtroom:      3 |

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**I.      INTRODUCTION AND PROCEDURAL HISTORY**

On August 31, 2022, Defendant Nizar Yaqub and then-Defendant The Inn at Del Monte Beach, LLC filed a Motion to Dismiss Complaint Based on Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) and § 28 U.S.C. 1332(d). The then-Defendants' motion was based on lack of diversity jurisdiction since a limited liability company is a citizen of every state in which its members are citizens.

On September 14, 2022, Plaintiff filed a Notice of Voluntary Dismissal of Defendant The Inn at Del Monte Beach, LLC pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). *See* ECF Dkt. No. 42. Plaintiff was permitted to file without leave of court as none of the defendants had yet filed an answer or summary judgment as of the time of filing. On October 27, 2022, this Court denied Defendants' Motion to Dismiss. *See* ECF Dkt. No. 44 ["October 27 Order"]. In the October 27 Order, the Court specifically stated "Yaqub did not file a reply to Kanaan's opposition, thereby foregoing his opportunity to argue that the LLC is an indispensable party. Such an argument would have been unsuccessful in any event, as it is clear from the face of the FAC [first amended complaint] that the LLC is not an indispensable party to Kanaan's claims against Yaqub that are grounded in Yaqub's own alleged misconduct. Those claims include breach of fiduciary duty, breach of contract, and fraudulent concealment." *See* October 27 Order, p. 3.

Despite the Court's clear position in the October 27 Order that an argument that the LLC is an indispensable party would fail, Defendant nevertheless filed the instant Motion to Dismiss making that exact meritless argument on November 10, 2022. *See* ECF Dkt. No. 45.

**II.      ARGUMENT**

**A.  Law of the Case Bars Defendant's Arguments as to the LLC**

2

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS
CASE NO. 5:21-cv-09591

1
2
3
4
5
6
7
8
9
10
11
12
13
14

"The law-of-the-case doctrine generally provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018) (quoting *Musacchio v. United States*, 136 S.Ct. 709, 716 (2016)). This doctrine "'expresses the practice of courts generally to refuse to reopen what has been decided…'" *Musacchio*, 126 S.Ct. at 716 (quoting *Messenger v. Anderson*, 225 U.S. 436, 444 (1912)). In other words, "a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000). While application of the doctrine is discretionary, it is a tool "designed to aid in the efficient operation of court affairs." *Id.* (quoting *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 714 (9th Cir. 1990)). The doctrine applies where an issue was "decided explicitly or by necessary implication…" *United States v. Jingles*, 702 F.3d 494, 499 (9th Cir. 2012).

15
16
17
18
19
20
21
22
23
24

In the October 27 Order, this Court stated unequivocally that (1) Yaqub has foregone his opportunity to argue that the LLC is an indispensable party because Yaqub failed to file a reply to Kanaan's Opposition to Yaqub's prior motion to dismiss and (2) "it is clear from the face of the FAC that the LLC is not an indispensable party." *See* October 27 Order, pp. 2-3. This Court reviewed the facts stated in the FAC and decided explicitly that the LLC was not an indispensable party to this litigation. Furthermore, Yaqub's failure to reply operated as a waiver of his ability to argue that the LLC is an indispensable party, which would have ultimately been unsuccessful.

25
26
27
28

Because this Court has already determined that the LLC is not an indispensable party to this action, and because Yaqub waived his ability to argue the contrary, Yaqub's present Motion to Dismiss must be DENIED.

3

**B.  Plaintiff's Claims are Individual Against Defendant and Not Derivative**

Even if the Court were to find that Yaqub was not estopped from arguing that the LLC is an indispensable party, that argument is still unsuccessful. While Kanaan sets forth wrongful acts of Yaqub committed by Yaqub in his position as controlling interest holder and manager of the LLC, the causes of action asserted by Kanaan are individual against Yaqub and seek damages specific to Kanaan and not to the LLC as a derivative action. Section 17704.09 of the California Revised Uniform Limited Liability Company Act ("RULLCA") provides that, in manager-managed LLCs such as The LLC, the managers owe duties of loyalty and care to the company *and to the other members*. With respect to the duty of care in particular, managers are prohibited from "engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law." (Cal. Corp. Code § 17704.09(c).). Managers are also required, under Section 17704.09(d), to "discharge the duties to a limited liability company *and the other members* under this title or under the operating agreement and exercise any rights consistent with the obligation of good faith and fair dealing." The RULLCA makes the distinction that fiduciary duty is owed by Yaqub individually to <u>both</u> the LLC and to Kanaan. All of the conduct of Defendant Yaqub as was subject to the fiduciary requirements of Section 17704.09 of the RULLCA, and the fiduciary duties owed by him were owed to Kanaan as another member of the LLC.

With respect to the claims for breach of contract and breach of the implied covenant of good faith and fair dealing, Kanaan and Yaqub are members of the LLC, and the Operating Agreement is a contract between them. The actions complained of in the FAC are directed to actions taken by Yaqub in violation, or breach, of the Operating Agreement that caused damage directly to Kanaan. Furthermore, the provisions of the Operating Agreement specifically state that Yaqub is not protected individually from liability for the actions complained of by Kanaan.

4

Yaqub cannot claim that the LLC is an indispensable party where the Operating Agreement does

not provide protection from liability for actions taken by Yaqub in bad faith and in breach

thereof.

      With respect to the count for violation of the California Unfair Competition Law

("UCL"), Kanaan alleges specific facts as to why Yaqub is liable individually for has bad actions

and fraudulent conduct in violation of the UCL. Similar to the claims for breach of the Operating

Agreement above, Yaqub cannot shield himself from liability for unlawful conduct by claiming

that the LLC is an indispensable party. The same is true for Kanaan's claim for fraud. All claims

asserted by Kanaan as to the damages he incurred by being a member of the LLC are asserted

against Yaqub individually for his own actions, and not as a derivative action for damages the

LLC may have sustained. Furthermore, Yaqub must be prevented from disregarding the Court's

findings in its October 27 Order and attempting to claim the LLC is a necessary party to this

action in order to further prolong this litigation and make a meritless attempt to shield himself

from personal liability for his wrongful conduct.

## III.    CONCLUSION

      WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's Motion to

Dismiss as moot and award any other relief that this Court may deem just and proper.

Dated: November 25, 2022

                    Respectfully submitted,
                    /s/ Amjad M. Khan
                    Amjad M. Khan
                     *amjad.khan@bnsklaw.com*
                    **BROWN NERI SMITH KHAN, LLP**
                    11601 Wilshire Blvd #2080

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS
CASE NO. 5:21-cv-09591

Los Angeles, CA 90025
Telephone: 310 593 9899

/s/ Jennifer L. Gordon
Jennifer L. Gordon (*pro hac vice*)
  *jgordon@loriumlaw.com*
**LORIUM LAW**
180 N. LaSalle Street, Suite 3700
Chicago, Illinois 60601
Telephone: (312) 564-5757

*Counsel for Plaintiff*
*Nabih "Nick" Kanaan*

6

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS
CASE NO. 5:21-cv-09591