UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NABIH KANAAN,<br><br>         Plaintiff,<br><br>    v.<br><br>NIZAR YAQUB,<br><br>         Defendant. | Case No. 21-cv-09591-BLF<br><br>**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO JOIN AN INDISPENSABLE PARTY**<br><br>[Re: ECF 45] |

Plaintiff Nabih Kanaan ("Kanaan") alleges that he and Defendant Nizar Yaqub ("Yaqub") are the sole members of a profitable limited liability company, The Inn at Del Monte Beach, LLC ("the LLC"). Kanaan claims that Yaqub engaged in fraud and other misconduct in an order to convert to himself the majority of Kanaan's ownership interest in the LLC. Kanaan originally filed this suit against both Yaqub and the LLC, but subsequently dismissed the LLC.

Before the Court is Yaqub's third motion to dismiss the operative first amended complaint ("FAC"). The Court denied Yaqub's prior motions to dismiss the FAC under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). Yaqub now moves to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(7), for failure to join an indispensable party. *See* Mot., ECF 45. The Court previously vacated the hearing that had been set for March 30, 2023 and took the motion under submission without oral argument. *See* Order, ECF 53.

Yaqub's Rule 12(b)(7) motion is DENIED for the reasons discussed below.

**I.    BACKGROUND**

Kanaan filed the complaint in this action on December 10, 2021, and filed the operative FAC on February 16, 2022. *See* Compl., ECF 1; FAC, ECF 18. In the FAC, Kanaan describes investments he entered into with Yaqub and Yaqub's wife, Linda Seeley, dating back to 1998.

Compl. ¶¶ 10-15. Kanaan, Yaqub, and Seeley formed the LLC in 2007, with Kanaan holding a 30% interest and Seeley holding a 70% interest. *Id*. ¶ 16. Seeley purportedly transferred all of her ownership interest in the LLC to Yaqub in April 2011. *Id*. ¶ 20. Seeley died in July 2011. *Id*. ¶ 21. Kanaan claims that Yaqub thereafter engaged in fraud and other misconduct in order to squeeze him out of the company. Yaqub allegedly amended the LLC's Operating Agreement without notice to Kanaan, even though an amendment required unanimous approval of the LLC's members, FAC ¶ 22, 33; falsified documents to make it seem as though Kanaan's ownership interest had decreased from 30% to 8%, FAC ¶ 28; scheduled a capital call without notice to Kanaan, FAC ¶ 29; and falsified LLC minutes, FAC ¶ 30. Kanaan also alleges that before her death, Seeley used LLC funds for personal expenses, and that Yaqub colluded with Seeley in the misuse of LLC funds. FAC ¶¶ 31-32, 38(c), 47(c).

The Court has denied two prior motions to dismiss the FAC. The first motion, which was brought under Federal Rule of Civil Procedure 12(b)(6), asserted that Kanaan's claims were time-barred and were not adequately pled. *See* Mot., ECF 20. The Court found the statute of limitations argument to be without merit and found the claims to be adequately pled. *See* Order, ECF 40. The second motion, which was brought under Federal Rule of Civil Procedure 12(b)(1), asserted that the Court lacked subject matter jurisdiction because there was not complete diversity of citizenship between the parties. *See* Mot., ECF 41. The motion correctly pointed out that subject matter jurisdiction was based on diversity, and that Kanaan and the LLC necessarily are citizens of the same state because an LLC is a citizen of every state of which its owners/members are citizens. *See id.* In response to the Rule 12(b)(1) motion, Kanaan voluntarily dismissed the LLC from the suit. *See* Notice of Dismissal, ECF 42. Kanaan thereafter filed an opposition arguing that the Rule 12(b)(1) motion should be denied as moot. *See* Opp., ECF 43. Yaqub did not file a reply. The Court denied the Rule 12(b)(1) motion, finding that dismissal of the LLC was permissible and cured the jurisdictional defect. *See* Order, ECF 44.

Yaqub now seeks dismissal of the FAC pursuant to Rule 12(b)(7) on the basis that the LLC is an indispensable party.

## II. LEGAL STANDARD

A party may move under Federal Rule of Civil Procedure 12(b)(7) to dismiss a claim for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Joinder of parties is governed by Federal Rule of Civil Procedure 19, which imposes a three-step inquiry: "1. Is the absent party necessary (i.e., required to be joined if feasible) under Rule 19(a)? 2. If so, is it feasible to order that the absent party be joined? 3. If joinder is not feasible, can the case proceed without the absent party, or is the absent party indispensable such that the action must be dismissed?" *Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012) (citation omitted).

"In order to determine whether Rule 19 requires the joinder of additional parties, the court may consider evidence outside of the pleadings." *Hammons v. Wells Fargo Bank, N.A.*, No. 15-cv-04897-RS, 2015 WL 9258092, at *7 (N.D. Cal. Dec. 18, 2015). "The burden of persuasion is on the party moving to dismiss for failure to join." *Reddy v. Morrissey*, No. 3:18-CV-00938-YY, 2018 WL 4844164, at *2 (D. Or. Sept. 17, 2018), report and recommendation adopted, No. 3:18-CV-00938-YY, 2018 WL 4832352 (D. Or. Oct. 3, 2018).

## III. DISCUSSION

Yaqub contends that the LLC is a necessary and indispensable party and that joinder is not feasible because joinder would destroy personal jurisdiction. Yaqub asks the Court to dismiss the action on these grounds. In opposition, Kanaan argues that Yaqub is precluded from seeking dismissal on these grounds under the law of the case doctrine. Alternatively, Kanaan argues that the LLC is not an indispensable party.

### A. Law of the Case Doctrine

As noted above, Kanaan voluntarily dismissed the LLC in response to Yaqub's Rule 12(b)(1) motion to dismiss for lack of diversity jurisdiction. Kanaan then filed a short opposition asserting that the Rule 12(b)(1) motion was moot in light of the dismissal of the LLC. Yaqub did not file a reply. In determining whether voluntary dismissal of the LLC cured the jurisdictional defect, the Court relied on case authority providing that a district court may preserve subject matter jurisdiction by dropping a nondiverse party, *providing the party is not indispensable under Rule 19*. *See* Order at 2, ECF 44. The Court stated that "Yaqub did not file a reply to Kanaan's

3

opposition, thereby foregoing his opportunity to argue that the LLC is an indispensable party." *Id*. The Court then opined that "[s]uch an argument would have been unsuccessful in any event, as it is clear from the face of the FAC that the LLC is not an indispensable party to Kanaan's claims against Yaqub that are grounded in Yaqub's own alleged misconduct." *Id*. at 3. The Court concluded that "Kanaan's voluntary dismissal of the LLC cured the jurisdictional defect that existed when the action was filed," and therefore denied Yaqub's Rule 12(b)(1) motion. *Id*.

Kanaan argues that in light of these statements in the Court's prior order, the law of the case doctrine bars Yaqub's current motion. "The law of the case doctrine is a judicial invention designed to aid in the efficient operation of court affairs." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (internal quotation marks and citation omitted). "Under the doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case." *Id*. However, "[t]he law of the case doctrine does not preclude a court from reassessing its own legal rulings in the same case." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018).

Yaqub contends that the Court should not apply the doctrine here, explaining that he did not believe that a reply in support of his Rule 12(b)(1) motion was warranted given that Kanaan had an absolute right to dismiss the LLC because no answer or summary judgment had been filed. Yaqub points out that the issue of whether the LLC is an indispensable party was not expressly raised in Kanaan's opposition to the Rule 12(b)(1) motion. Under these circumstances, Yaqub argues, it was reasonable for him to raise the issue in a Rule 12(b)(7) motion, and he urges the Court to reach the merits of the motion.

The Court finds Yaqub's arguments on this point to be well-taken. Although the Court had to consider whether the LLC is an indispensable party in order to rule on Yaqub's prior Rule 12(b)(1) motion, that issue was not squarely teed up for the parties until now. The Court therefore exercises its discretion to reassess its determination that the LLC is not an indispensable party, and to consider Yaqub's current motion on the merits. *See Askins*, 899 F.3d at 1042 (law of the case doctrine does not bar a court from reconsidering its rulings in the same case).

4

**B.     Rule 19 Analysis**

As set forth above, courts apply a three-step inquiry to decide joinder issues under Rule 19: "1. Is the absent party necessary (i.e., required to be joined if feasible) under Rule 19(a)? 2. If so, is it feasible to order that the absent party be joined? 3. If joinder is not feasible, can the case proceed without the absent party, or is the absent party indispensable such that the action must be dismissed?" *Salt River*, 672 F.3d at 1179.

"An archetypal example of a necessary and indispensable party is a corporation that was not joined in a derivative suit by one of its shareholders." *Azoulai v. La Porta*, No. CV 15-06083-MWF-PLA, 2016 WL 9045852, at *2 (C.D. Cal. Jan. 25, 2016). "Because a 'company has a legal existence separate from its members, . . . a corporation which suffers damages through wrongdoing by its officers and directors must itself bring the action to recover the losses thereby occasioned.'" *Id*. (quoting *PacLink Commc'ns Int'l, Inc. v. Superior Court*, 90 Cal. App. 4th 958, 965 (2001). "Courts have recognized for decades that a derivative action may not proceed without the corporation joined either as plaintiff or, if the corporation's interests are antagonistic to those of the shareholder, as a defendant." *Id*. "In California, the same rule applies to limited liability companies." *Id*. at *3 (citing *PacLink*, 90 Cal. App. 4th at 963).

"[T]he action is derivative, i.e., in the corporate right, if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock and property without any severance or distribution among individual holders, *or it seeks to recover assets for the corporation or to prevent the dissipation of its assets*." *PacLink*, 90 Cal. App. 4th at 964 (internal quotation marks and citation omitted, italics in original). In contrast, a stockholder may bring a direct action "to enforce a right against the corporation which the stockholder possesses as an individual." *Id*. (internal quotation marks and citation omitted). Moreover, a minority stockholder may bring a direct action against majority stockholders for breach of fiduciary duty, as the injury caused by such breach is not incidental to an injury to the corporation. *See id.*

Applying these rules to LLCs, district courts within the Ninth Circuit have concluded that "[i]f the gravamen of the wrong alleged in a complaint is an injury to a limited liability company, affecting its members only by diminishing their stake in the company, the suit is derivative."

5

*Azoulai*, 2016 WL 9045852, at *3. In contrast, district courts have found that claims brought by one LLC owner against another for breach of contract, declaratory relief, or fraud are not derivative but personal to the plaintiff. *See id.* at *4 (LLC owner's claims for declaratory relief and fraud were not derivative); *Reddy*, 2018 WL 4844164, at *3 (claim for breach of contract was direct claim, not derivative claim).

In the present case, the Court finds that the claims asserted against Yaqub in the FAC are direct claims and not derivative claims. Claim 1, for breach of fiduciary duty, alleges that "Defendant Yaqub is a controlling interest holder and member of The LLC, and therefore owed fiduciary duties of care and fidelity to Plaintiff as a noncontrolling minority interest holder of The LLC." FAC ¶ 35. Claim 1 alleges that Yaqub violated his fiduciary duties to Kanaan in numerous ways, including by failing to provide Kanaan with notice of alleged capital contribution calls, falsifying documents related to capital contribution calls, and acting in bad faith to reduce Kanaan's 30% ownership interest in the LLC to 8%. FAC ¶ 38. Claim 2, for breach of contract, alleges that both Yaqub and Kanaan are parties to the LLC's Operating Agreement, and that Yaqub breached the Operating Agreement in several ways, including by failing to provide Kanaan with notice of any alleged capital contribution calls, falsifying documents related to capital contribution calls, and acting in bad faith to reduce Kanaan's 30% ownership interest in the LLC to 8%. FAC ¶ 47. Claim 3, for breach of the implied covenant of good faith and fair dealing, alleges that Yaqub breached the implied covenant by using his authority as a majority interest holder in bad faith to deprive Kanaan of benefits to which he was entitled as a minority interest holder in the LLC. FAC ¶¶ 53-56.

Claim 4, for unfair competition under California Business & Professions Code § 17200, alleges that Yaqub has engaged in unfair business practices by violating California public policies designed to protect minority interest holders, and has engaged in fraudulent business practices by falsifying minutes of LLC meetings and fraudulently amending the LLC's Operative Agreement in order to divest Kanaan of his ownership interest in the LLC. FAC ¶¶ 60-61. Claim 5, for declaratory and injunctive relief, seeks resolution of an actual controversy between Yaqub and Kanaan regarding their respective ownership interests in the LLC. FAC ¶ 69. Claim 6, for

fraudulent concealment, alleges that Yaqub intentionally failed to disclose material facts to Kanaan, including that Yaqub initiated a capital call, amended the LLC's Operating Agreement, and falsified minutes. FAC ¶ 75.

All of these claims assert wrongful conduct by Yaqub that caused harm to Kanaan individually – divestiture of the majority of his interest in the LLC – which is separate and apart from any harm caused to the LLC itself. Yaqub correctly points out that the FAC contains other allegations of misconduct by Yaqub that harmed the LLC, for example, allegations that Yaqub colluded with Seeley to use LLC funds for personal expenses and failed to renew the liquor license for a property owned by the LLC. FAC ¶¶ 38(c), 47(c), 75(d). Any claims based on those allegations would be derivative and would require joinder of the LLC to proceed. However, reading the FAC as a whole, the Court concludes that the allegations regarding Yaqub's collusion in the misuse of LLC funds and failure to renew the liquor license are not central to Kanaan's claims. The the gravamen of the FAC is Yaqub's attempt to squeeze Kanaan out of the LLC. The LLC is not an indispensable party to those claims.

Yaqub's motion to dismiss is DENIED. Yaqub SHALL file an answer within 14 days after the filing of this order, or by May 31, 2023. *See* Fed. R. Civ. P. 12(a)(4) (answer must be filed within 14 days after court denies a motion to dismiss).

## IV. ORDER

(1) Defendant Yaqub's motion to dismiss the FAC for failure to join an indispensable party is DENIED;

(2) Defendant Yaqub SHALL file an answer by May 31, 2023; and

(3) This order terminates ECF 45.

Dated: May 17, 2023

_____
BETH LABSON FREEMAN
United States District Judge