WILLIAM J. MURRAY – BAR #087936
BELZER & MURRAY, LLP
1600 S. Main Street, Suite 260
Walnut Creek, CA 94596
Telephone: 925/284-9000/925/926-9000
E-Mail: Murray@wjmattorneys.com

Attorneys for Defendants & Counter-Claimant
NIZAR YAQUB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NABIH "NICK" KANAAN,<br><br>        Plaintiffs,<br><br>v.<br><br>NIZAR YAQUB, an individual; THE INN AT DEL MONTE BEACH, LLC, a California Limited Liability Company,<br><br>        Defendants.<br>_____<br>NIZAR YAQUB, an individual;<br><br>        Counter Complainant<br><br>v.<br><br>NABIH "NICK" KANAAN,<br><br>        Counter-Defendant | Case No. 5:21-cv-09591<br><br><br>ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM<br><br>DEMAND FOR JURY TRIAL |

Defendant and Counter-Complainant NIZAR YAQUB, for himself alone, hereby Answers the First Amended Complaint, as follows:

///

///

1

As to the allegations in the unnumbered first paragraph, p. 2, lines 1-9, Defendant denies any and all allegations of "unlawful and fraudulent management and transfers of assets and membership units of the LLC by Yaqub as against Kanaan." Other than the labeling of the causes of action of the First Amended Complaint, Defendant lacks sufficient information and knowledge to form a belief about the truth of the allegations of the rest of the paragraph including as to how Plaintiff "brings this action" and on that basis denies said allegations. As to the allegations against, The Inn at Del Monte Beach, LLC (hereinafter, the "LLC") it is no longer a party to this action.

1.  As to the allegations in paragraph 1 Defendant only admits that he is informed and believes that the LLC was formed, with Plaintiff having an initial interest therein of 30% and that the LLC owns a property in Monterey. Except as to these specified admissions, Defendant denies all and each and every the allegations of this paragraph.

2.  As to the allegations in paragraph 2 with respect to the alleged quotation, Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation and on that basis denies it. As to the remaining allegations in this paragraph, Defendant denies each and every one of them.

3.  As to the allegations in paragraph 3 Defendant denies each and every allegation in said paragraph.

4.  As to the allegations in paragraph 4 Defendant admits only that Plaintiff is an individual, and alleges his residence. Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the other allegations of this paragraph, and based thereon denies each and every one of them.

5.  As to paragraph 5, Defendant admits only that he is an individual and resident of California and that he is the managing member of and holder of a majority interest in the LLC. As to the remaining allegations as phrased Defendant lacks sufficient information and knowledge as to form a belief as to their truth and based thereon denies them.

6.  Defendant admits the allegations of paragraph 6.

7.  Defendant admits the allegations of paragraph 7.

8. As to the allegations in paragraph 8, Defendant admits that he is a California resident. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the other allegations, in this paragraph and based thereon denies them.

9. As to the allegations in paragraph 9 Defendant admits only that based on the allegations of the First Amended Complaint venue is proper.

10. As to the allegations in paragraph 10, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to the ownership of Medical Equities, LLC, and based thereon denies said allegations.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11, including because the "Morgan Hill Property" is not identified properly and on this basis denies all said allegations.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12, including but not limited to because the "Morgan Hill Property" is not identified properly and on this basis denies all said allegations.

13. In response to paragraph 13, Defendant admits only that Medical Equities purchased the Property in 2002. As to the remaining allegations Responding Party denies them or lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies them.

14. As to the allegations in Paragraph 14, based solely on the ABC website, this appears to be correct.

15. As to the allegations in paragraph 15, because it is unclear whether Plaintiff is alleging that Yaqub operated a bed and breakfast, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon denies them.

16. As to the allegations in paragraph 16, Defendant denies that he formed the LLC. As to the other allegations of this paragraph, Defendant lacks sufficient information and belief to lacks sufficient information and belief to form a belief as to the truth these allegations, and based thereon denies them.

17. As to the allegations in paragraph 17, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and based thereon denies them.

3

18. As to the allegations in paragraph 18, Defendant admits these allegations.

19. As to the allegations in paragraph 19, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and based thereon denies them.

20. As to the allegations in paragraph 20, Defendant admits only that Seeley transferred all her ownership interest in the LLC to Defendant. Defendant lacks sufficient knowledge or information to lacks sufficient information and belief to form a belief as to the truth of the remaining allegations of this paragraph, and based thereon denies them.

21. Defendant admits the allegations of paragraph 21.

22. As to paragraph 22, partially because of the wording of this paragraph, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and based thereon denies them.

23. With respect to the allegations in paragraph 23, Defendant denies the allegation that Plaintiff was never contacted and the allegation that he never consented to the cancellation of Medical Equities.

24. As to the allegations in paragraph 24, Defendant notes that this appears to relate, if to anything, to a claim which would be derivative and precluded by the Court's Order denying Defendant's Motion to Dismiss. In response to the allegations, Defendant admits that a lawsuit was filed alleging that there was a default on the loan. As to the other allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and based thereon denies them.

25. In response to the allegations in paragraph 25, Defendant admits only that he applied for a liquor license on behalf of the LLC, and stated in connection with that application that he owned 92% of the LLC and, Plaintiff owned 8%. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations as stated in this paragraph, and based thereon denies them.

26. As to the allegations in paragraph 26, Defendant admits only that the lawsuit was settled, and denies all other allegations.

27. As to the allegations in paragraph 27, while the letter referenced speaks for itself and Defendant denies any characterization of it to the extent it varies from the letter, Defendant

4

otherwise admits the allegations of paragraph 27.

28. As to the allegations in paragraph 28 Defendant admits only that he believes and contends that Plaintiff's ownership interest in the LLC was reduced to 8%. With respect to all the other allegations of this paragraph, Defendant denies each and every one of them.

29. As to the allegations of paragraph 29 Defendant lacks information and belief sufficient to lacks sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis denies them.

30. As to the allegations of paragraph 30, based on what is alleged, Defendant lacks sufficient information and knowledge to form a belief as to the truth of these allegations and based thereon denies them, except that Defendant admits that Exhibit E appears to be a copy of the Minutes to Memorialize Prior Action Taken.

31. As to the allegations of Paragraph 31, without in any way admitting them, Defendant responds that based on the Court's Order Denying Motion to Dismiss the First Amended Complaint these allegations are no longer part of this action, and no response is required. To the extent any response would be required, Defendant lacks sufficient information and knowledge to form a belief as to the truth of these allegations and based thereon denies them.

32. As to the allegations of Paragraph 32, without in any way admitting them, Defendant responds that based on the Court's Order Denying Motion to Dismiss the First Amended Complaint these allegations are no longer part of this action, and no response is required. To the extent any response would be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and based thereon denies them, and also denies any wrongdoing by Defendant.

33. As to the allegations of Paragraph 33 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and based thereon denies them.

34. As to the allegations in paragraph 34 of the First Amended Complaint, Defendant incorporates his responses to the prior allegations incorporated by reference.

///

///

35. As to the allegations in paragraph 35, which appear to be argument, based on the allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and based thereon denies them.

36. As to the allegations in paragraph 36, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations which appear to be argument, and based thereon denies them.

37. As to the allegations in paragraph 37 Defendant lacks sufficient knowledge or information to form a belief as to the truth of these vague allegations which appear to be argument, and based thereon denies them.

38. As to the allegations in paragraph 38, Defendant denies all these allegations. Defendant also notes that as to the allegations in subpart C, based on the Court's ruling Denying the Motion to Dismiss the First Amended Complaint, they are no longer part of this action.

39. As to the allegations of paragraph 39, Defendant denies all such allegations. Defendant also notes that based on the Court's ruling Denying the Motion to Dismiss the First Amended Complaint, the damages allegations may not be part of this action.

40. As to the allegations in paragraph 40 of the First Amended Complaint, Defendant incorporates his responses to the prior allegations incorporated by reference.

41. As to the allegations of paragraph 41, which appear to be argument, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and based thereon denies them.

42. As to the allegations of paragraph 42, which appear to be argument, Defendant lacks knowledge or information sufficient to form a belief about their truth, and based thereon denies them.

43. As to the allegations of paragraph 43, which appear to be argument, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and based thereon denies them.

44. As to the allegations of paragraph 44, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and based thereon denies them.

45. As to the allegations of paragraph 45, which appears to be argument, Defendant

lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and based thereon denies them.

46. As to the allegations in paragraph 46, which appears to be argument, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and based thereon denies them.

47. As to the allegations in paragraph 47, Defendant denies each and every and all these allegations. Defendant also notes that as to the allegations in subpart C, based on the Court's ruling Denying the Motion to Dismiss the First Amended Complaint, they are no longer part of this action.

48. As to the allegations in paragraph 48, Defendant lacks sufficient knowledge or information as to the truth of these allegations to either admit or deny these allegations to the extent he understands them, and based thereon denies them.

49. As to the allegations in paragraph 49, which appears to include argument, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and based thereon denies them.

50. As to the allegations in paragraph 50, Defendant denies all of them.

51. As to the allegations in paragraph 51 of the First Amended Complaint, Defendant incorporates his responses to the prior allegations incorporated by reference.

52. As to the allegations of paragraph 52, which appears to be argument, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and based thereon denies them.

53. As to the allegations of paragraph 53, which appear to be argument, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and based thereon denies them.

54. As to the allegations of paragraph 54, which appear to be argument, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and based thereon denies them.

55. As to the allegations of paragraph 55, which appear to be argument, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and

based thereon denies them.

56. As to the allegations of paragraph 56, which appear to be argument, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and based thereon denies them.

57. As to the allegations of paragraph 57, Defendant denies all of them.

58. As to the allegations in paragraph 58 Defendant incorporates his responses to the prior allegations incorporated by reference.

59. As to the allegations of paragraph 59, which appears to be argument, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and based thereon denies them.

60. As to the allegations of paragraph 60, which appears to be argument, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and based thereon denies them.

61. As to the allegations of paragraph 61, Defendant denies all of them.

62. As to the allegations of paragraph 62, Defendant denies all of them.

63. As to the allegations of paragraph 63, which appears to contain argument, Defendant denies all of them.

64. As to the allegations of paragraph 64, Defendant denies all of them.

65. As to the allegations of paragraph 65, which appears to be argument, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and based thereon denies them.

66. As to the allegations of paragraph 66, which appears to be argument, Defendant lacks sufficient knowledge or information to admit or deny them, and based thereon denies them.

67. As to the allegations in paragraph 67 of the First Amended Complaint, Defendant incorporates his responses to the prior allegations incorporated by reference.

68. As to the allegations of paragraph 68, due at least in part to their vagueness Defendant lacks sufficient knowledge or information to either admit only or deny them and based thereon denies them, except to admit that it is his understanding that Plaintiff's ownership interest was reduced to 8%.

69. As to the allegations of paragraph 66, which appears to be argument, Defendant lacks sufficient knowledge or information to admit or deny them, and based thereon denies them.

70. Defendant admits the allegations in paragraph 70.

71. As to the allegations of paragraph 71, which appears to be argument, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and based thereon denies them.

72. As to the allegations in paragraph 72, Defendant denies all such allegations.

73. As to the allegations in paragraph 73, Defendant denies all such allegations.

74. As to the allegations in paragraph 74, of Defendant incorporates his responses to the prior allegations incorporated by reference.

75. As to the allegations of paragraph 75, Defendant denies all of them.

76. As to the allegations of paragraph 76, Defendant incorporate his denial all the allegations of Paragraph 25, and as to the remaining allegations, lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and based thereon denies them.

77. As to the allegations of paragraph 77, Defendant denies all of them.

78. As to the allegations of paragraph 78, Defendant denies the allegations that he concealed facts, and as to the remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and based thereon denies them.

79. As to the allegations of paragraph 79, Defendant denies them. Defendant also notes that these appear to be derivative claims which cannot be asserted by Plaintiff as recognized by the Court in its ruling denying the Motion to Dismiss.

80. As to the allegations of paragraph 80, Defendant denies them.

Defendant alleges the following affirmative defenses on information and belief:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim Upon Which Relief May Be Granted)

As and for a First, Separate and Affirmative defense to the Causes of Action set forth in

9

the First Amended Complaint, and each of them, this Answering Defendant alleges that said Causes of Action fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Lack of Proximate Cause)

As and for a Second, Separate and Affirmative defense to the Causes of Action set forth in the First Amended Complaint, and each of them, this Answering Defendant alleges that if Plaintiff suffered any losses or damages, which this Answering Defendant denies, said losses or damages were, in whole or in part, caused by the acts and/or omissions of Plaintiff, whether negligent or intentional, and Plaintiff is thus barred, estopped and precluded, in whole or in part, from recovering any such damages against this Answering Defendant.

## THIRD AFFIRMATIVE DEFENSE

(Conduct of Third Parties)

As and for a Third, Separate and Affirmative defense to the Causes of Action set forth in the First Amended Complaint, and each of them, this Answering Defendant alleges, that the damages, if any, suffered by Plaintiff, which Defendant denies, were the result of the acts, conduct and/or omissions of parties other than this Answering Defendant, and Plaintiff thus barred, estopped and precluded from recovery of any such damages against this Answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

(Comparative Fault/Negligence)

As and for a Fourth, Separate and Affirmative defense to the Causes of Action set forth in the First Amended Complaint, Plaintiff and others were negligent in and about the matters

referred to in the First Amended Complaint, and that such negligence bars or diminishes Plaintiff's recovery against this Answering Defendant.

## FIFTH AFFIRMATIVE DEFENSE

(Apportionment)

As and for a Fifth, Separate and Affirmative defense to the Causes of Action set forth in the First Amended Complaint, and each of them, this Answering Defendant alleges that he is entitled to a determination and apportionment of such liability and damages, if any, as may be attributable solely to him.

## SIXTH AFFIRMATIVE DEFENSE

(Not a Substantial Factor)

As and for a Sixth, Separate and Affirmative defense to the Causes of Action set forth in the First Amended Complaint, and each of them, this Answering Defendant alleges that Plaintiff is barred from any recovery as against this Answering Defendant in that the actions of this Answering Defendant, if any, were not a substantial factor in the alleged damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

As and for a Seventh, Separate and Affirmative defense to each Cause of Action alleged in the First Amended Complaint, and each of them, this Answering Defendant alleges that Plaintiff is estopped from seeking relief therein due to his own acts or omissions with reference to the subject matter of the First Amended Complaint.

///

///

11

## EIGHTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

As and for an Eighth, Separate and Affirmative defense to the Causes of Action set forth in the First Amended Complaint, and each of them, this Answering Defendant alleges that said Causes of Action are barred by the applicable statutes of limitations including, without limitation California Code of Civil Procedure §§337, 338, 339, 340, 343 and Business and Professions Code §17208.

## NINTH AFFIRMATIVE DEFENSE

(Doctrine of Laches)

As and for a Ninth, Separate and Affirmative defense to the Causes of Action set forth in the First Amended Complaint, and each of them, this Answering Defendant alleges that said Causes of Action are barred under the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

(Failure to Join A Necessary Party)

As and for a Tenth, Separate and Affirmative defense to the Causes of Action set forth in the First Amended Complaint, and each of them, this Answering Defendant alleges that the LLC was an indispensable or necessary party which cannot be joined in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

As for an Eleventh, Separate and Affirmative defense to the Causes of Action set forth in the First Amended Complaint and each of them, Defendant alleges that Plaintiff lacks standing and is not the real party in interest and is pursuing derivative claims which cannot be prosecuted

without the LLC being a party to this action.

## TWELFTH AFFIRMATIVE DEFENSE

(Punitive Damages)

As and for a Twelfth, Separate and Affirmative defense to the Causes of Action set forth in the First Amended Complaint, and each of them, this Answering Defendant alleges any award punitive damages would not be appropriate in this case and would violate the Fifth, Sixth and Fourteenth Amendments the United States Constitution of similar California constitutional provisions.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth separate affirmative defense to the Cause of Action in the First Amended Complaint Defendant alleges he acted reasonably and in accordance with his duties in connection with the operation of the LLC.

## COUNTERCLAIM

**Defendant and Counterclaimant alleges on information and belief as follows:**

### FIRST CAUSE OF ACTION

(Declaratory Relief)

1.  Defendant and Counterclaimant is informed and believes that Plaintiff Kanaan alleges and claims that he is the holder of a 30% interest in the LLC.

2.  Yaqub disputes this contention and alleges that Kanaan's interest in the LLC is 8%.

///

3. There is a dispute between Plaintiff and Defendant as to the percent of ownership of the LLC by Kanaan and Yaqub and a judicial declaration is necessary so that the parties can resolve this difference and know how to proceed with respect to the ownership of the LLC.

**WHEREFORE** Defendant and Counterclaimant prays that:

1. Plaintiff take nothing by way of his First Amended Complaint;

2. For a judgment adjudicating that the interests of Yaqub and of Plaintiff are that Yaqub holds 92% of the LLC and Kanaan hold 8%;

3. That Yaqub be awarded fees and costs as appropriate, and

4. For such other and further relief as the Court determines to be appropriate.

Dated: May 31, 2023                                BELZER & MURRAY, LLP

_____/s/_____
WILLIAM J. MURRAY
Attorneys for Defendants
NIZAR YAQUB, an individual; THE INN AT DEL MONTE BEACH, LLC, a California Limited Liability Company

Re: Kanaan v. Yaqub, et al.
Case No. 5:21-cv-09591

## PROOF OF SERVICE

I, LYNN EDWARDS, declare as follows:

I am over the age of eighteen years and not a party to the within action; my business address is 1600 S. Main Street, Suite 260, Walnut Creek, California 94596; I am employed in Contra Costa County, California.

I am readily familiar with my employer's practices for collection and processing of correspondence for mailing with the United States Postal Service. On May 31, 2023, 2022, I served a copy, with all exhibits, of the following documents:

**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM**

on the interested parties in this case by:

\_\_ Following ordinary business practices and placing for collection and mailing at 1600 S. Main Street, Suite 260, Walnut Creek, California 94596, a true copy of the above-referenced document(s), enclosed in a sealed envelope; in the ordinary course of business, the above documents would have been deposited for first-class delivery with the United States Postal Service the same day they were placed for deposit, with postage thereon fully prepaid, in the United States mail at Walnut Creek, California, addressed as follows:

\_\_ Depositing copies of the above documents in a box or other facility regularly maintained by *California Overnight* or Federal Express for overnight delivery in an envelope or package designated by the carrier with delivery fees paid or provided for, addressed as follows:

**X** Causing the above documents to be electronically delivered to the addressees as follows:

| Amjad M. Kahn, Esq.<br>BROWN NERI SMITH & KHAN LLP<br>11601 Wilshire Blvd., Ste. 2080<br>Los Angeles, CA 90025<br>Tel: (310) 593-9890<br>E-Mail: Amjad.khan@bnsklaw.com | Jennifer L. Gordon, Esq.<br>LORIUM LAW<br>180 N. LaSalle, Ste. Ste. 3700<br>Chicago, IL 60601<br>Tel: (312) 564-5757<br>E-Mail: jgordon@loriumlaw.com |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on May 31, 2023, at Walnut Creek, California.

_____/s/_____
LYNN EDWARDS