Amjad M. Khan (SBN 237325)
 amjad.khan@bnsklaw.com
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile:  (310) 593-9980

Jennifer L. Gordon (*pro hac vice*)
jgordon@loriumlaw.com
**LORIUM LAW**
180 N. LaSalle Street, Suite 3700
Chicago, Illinois   60601
Telephone: (312) 564-5757
Facsimile: (312) 564-5758

*Counsel for Plaintiff*
*Nabih "Nick" Kanaan*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| NABIH "NICK" KANAAN,<br><br>Plaintiff,<br><br>v.<br><br>NIZAR YAQUB, an individual,<br><br>Defendant(s). | Case No. 5:21-cv-09591<br><br>**MOTION TO STRIKE AFFIRMATIVE DEFENSES PURSUANT TO FRCP 12(f)** |

TO DEFENDANT AND HIS ATTORNEYS OF RECORD:

Please take notice that on October 19, 2023 at 10:00 a.m. in Courtroom 8 of the above-entitled Court, Plaintiff will and do hereby move the Court to strike Defendant's affirmative

defenses. This Motion is based on insufficient pleading and impropriety of the affirmative defenses.

This Motion is based on the Points and Authorities contained herein, and by the pleadings and any other matter which the Court may properly consider at the hearing.

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff moves this Court to strike all affirmative defenses filed with Defendant's Answer. The affirmative defenses contain no factual allegations whatsoever and fall far short of the standard for pleadings in Federal Courts.

## ARGUMENT

Plaintiff brings his Motion to Strike the Defendant's affirmative defenses under Federal Rule of Civil Procedure 12(f), which allows the Court to "strike from a pleading an insufficient defense or a redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). The Ninth Circuit has long held that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

### I.   Defendant's Affirmative Defenses are Insufficiently Plead.

Courts in this district require affirmative defenses to meet the *Twombly*/*Iqbal* standard." *J & K IP Assets, LLC v. Armaspec, Inc.*, No. 17-cv-07308-WHO, 2018 WL 3428757, at *3 (N.D. Cal. July 16, 2018); *see, e.g.*, *Illumina, Inc. v. BGI Genomics Co.*, No. 19-cv-03770-WHO, 2020 WL 571030, at *5 (N.D. Cal. Feb. 5, 2020) ("I apply the *Twombly*/*Iqbal* pleading standard to affirmative defenses."); *Pertz v. Heartland Realty Inv'rs, Inc.*, No. 19-cv-06330-CRB, 2020 WL 95636, at *1 (N.D. Cal. Jan. 8, 2020) ("[T]his Court and the majority of courts in this district have held that the heightened pleading standard of *Twombly* and *Iqbal*, which followed *Wyshak*, is now the correct standard to apply to affirmative defenses."); *Fishman v. Tiger Natural Gas Inc.*, No. 17-cv-05351-

WHA, 2018 WL 4468680, at *3 (N.D. Cal. Sept. 18, 2018) ("This order finds persuasive the reasoning of the district courts of this circuit and those across the country that apply the *Twombly*/*Iqbal* standard to affirmative defenses"). Accordingly, Defendant's affirmative defenses must contain sufficient facts to state a defense "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Several of Defendant's affirmative defenses fail to meet this standard. Specifically, affirmative defenses two ("Lack of Proximate Cause"), three ("Conduct of Third Parties"), four ("Comparative Fault/Negligence"), five ("Apportionment"), seven ("Estoppel"), eight ("Statute of Limitations"), nine ("Doctrine of Laches") and thirteen (that Defendant acted reasonably) all fail to meet the requisite pleading standard and fail to plead any facts to put Plaintiff on sufficient notice of the defenses alleged. The Defendant's pleadings as to each of these defenses consists entirely of "bare references to legal doctrines without any discussion of how they may apply to this case." *Madison v. Goldsmith & Hull*, No. 5:13-cv-01655 EJD, 2013 WL 5769979, at *2 (N.D. Cal. Oct. 24, 2013). This is insufficient. *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("A reference to a doctrine, like a reference to a statutory provision, is insufficient notice."). Particularly with respect to the defenses alleging acts or omissions on the part of Plaintiff that would act a defense to Plaintiff's claims and the defenses alleging acts of third parties that would act as a defense, Defendant pleads no facts whatsoever in support of such defenses and Plaintiff has no reasonable ability to fathom the acts, omissions, or third parties to which Defendant refers.

**II.     Defendant's Affirmative Defenses are Improper.**

"A defense which demonstrates that the plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

3

Rather, such a defense is "merely rebuttal against the evidence [to be] presented by the plaintiff" and, consequently, when pleaded as an affirmative defense, is "redundant" and may be stricken "so as to simplify and streamline the litigation." *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1173-74 (N.D. Cal. 2010).

Defendant's first affirmative defense ("Failure to State a Claim") is not an actual defense since it simply embodies the contention that Plaintiff will be unable to prove the elements of the claims contained in the Complaint. *J & J Sports Prods., Inc. v. Mendoza-Govan*, No. 10-cv-05123-WHA, 2011 WL 1544886 (N.D. Cal. Apr. 25, 2011) ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in the plaintiff's prima facie case."). Similarly, Defendant's sixth affirmative defense ("Not a Substantial Factor"), eleventh affirmative defense ("Lack of Standing"), and twelfth affirmative defense ("Punitive Damages") are not proper affirmative defenses. *J & J Sports Prods., Inc. v. Vizcarra*, No. 11-cv-1151-SC, 2011 WL 4501318, at *2 (N.D. Cal. Sept. 27, 2011 ("Because a plaintiff must plead and ultimately prove standing, lack of standing is not an affirmative defense under federal law."); *Classical Silk, Inc. v. Dolan Grp., Inc.*, No. 14-cv-09224-AB, 2016 WL 7638112, at *2 (C.D. Cal. Mar. 21, 2016)(finding defenses that enhanced damages and/or attorneys' fees are improper and not affirmative defenses).

Furthermore, the argument in Defendant's tenth affirmative defense ("Failure to Join a Necessary Party") has already been denied by this Court when it denied Defendant's Motion to Dismiss on those same grounds. See Dkt. No. 54.

### III. Conclusion

Plaintiff respectfully requests that this Court strike Defendant's affirmative defenses, and for any other relief that this Court may deem just and proper.

1
2
3  Dated: June 21, 2023
4
        Respectfully submitted,
        /s/ Amjad M. Khan
5        Amjad M. Khan
         *amjad.khan@bnsklaw.com*
6        **BROWN NERI SMITH KHAN, LLP**
        11601 Wilshire Blvd #2080
7        Los Angeles, CA 90025
        Telephone: 310 593 9899
8
9        /s/ Jennifer L. Gordon
        Jennifer L. Gordon (*pro hac vice*)
10       *jgordon@loriumlaw.com*
        **LORIUM LAW**
11       180 N. LaSalle Street, Suite 3700
        Chicago, Illinois 60601
12       Telephone: (312) 564-5757
13
        *Counsel for Plaintiff*
14       *Nabih "Nick" Kanaan*
15
16
17
18
19
20
21
22
23
24
25
26
27
28