UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NABIH KANAAN,<br><br>   Plaintiff,<br><br> v.<br><br>NIZAR YAQUB,<br><br>   Defendant. | Case No. 21-cv-09591-PCP<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE**<br><br>Re: Dkt. No. 57 |

Plaintiff Nabih Kanaan moves to strike the affirmative defenses raised by Defendant Nizar Yaqub in his answer to the complaint. For the following reasons, the Court denies the motion as to affirmative defenses 2–9 and 12–13, grants the motion in part as to defenses 1 and 11, and grants the motion to strike affirmative defense 10.

**BACKGROUND**

Kanaan and Yaqub co-founded an LLC in 1998, in which Kanaan owned a 30% member interest. In his complaint, Kanaan alleges that Yaqub falsified documents in 2017 to make it seem as though Kanaan has only an 8% ownership interest in the LLC. Kanaan asserts claims for breach of fiduciary duty, breach of contract, breach of the implied covenant of good faith and fair dealing, violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, declaratory and injunctive relief, and fraud through concealment.

Yaqub answered Kanaan's complaint, asserting 13 affirmative defenses and one counterclaim for declaratory relief. The affirmative defenses are: (1) failure to state a claim; (2) lack of proximate cause; (3) conduct of third parties; (4) comparative fault; (5) apportionment; (6) not a substantial factor; (7) estoppel; (8) statute of limitations; (9) doctrine of laches; (10) failure to join a necessary party; (11) lack of standing; (12) punitive damages; and (13) defendant acted

1  reasonably.

2        Kanaan now moves to strike all affirmative defenses in Yaqub's answer under Federal

3  Rule of Civil Procedure 12(f). First, Kanaan argues that affirmative defenses 2, 3, 4, 5, 7, 8, 9, and

4  13 fail to meet the pleading requirements set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554

5  (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Second, Kanaan argues that affirmative

6  defenses 1, 6, 11, and 12 are improper because a "defense which demonstrates that the plaintiff

7  has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302

8  F.3d 1080, 1088 (9th Cir. 2002). Third, Kanaan argues that affirmative defense 10 (failure to join

9  a necessary party) should be stricken because the Court already rejected it. Dkt. No. 54.

## STANDARD OF REVIEW

11        Rule 12(f) allows the Court to "strike from a pleading an insufficient defense or a

12  redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "The key to

13  determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair

14  notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Motions to

15  strike are "generally not granted unless it is clear that the matter to be stricken could have no

16  possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Cent. Life Ins. Co.*,

17  814 F. Supp. 820, 830 (N.D. Cal. 1992). Ultimately, "whether to grant a motion to strike lies

18  within the sound discretion of the district court." *Woods v. Google LLC*, 2018 WL 5292210, at *2

19  (N.D. Cal. Oct. 23, 2018).

## ANALYSIS

### I. Affirmative Defenses Are Not Subject to *Twombly* and *Iqbal*.

22        Kanaan argues that Yaqub's affirmative defenses 2–5, 7–9, and 13 should be stricken

23  because they are not adequately supported by factual allegations per the pleading requirements

24  established by the Supreme Court in *Twombly* and *Iqbal*. But *Twombly* and *Iqbal* considered the

25  sufficiency of the affirmative claims pleaded by a plaintiff in their complaint, and neither the

26  Supreme Court nor the Ninth Circuit has considered whether the requirements set forth in those

27  decisions also apply to a defendant's affirmative defenses. *See Dodson v. Gold Country Foods,*

28  *Inc.*, 2013 WL 5970410, at *2 (E.D. Cal. Oct. 18, 2013) ("Neither the Ninth Circuit, nor any other

Circuit Court of Appeals, however, has ruled on this issue."). That question remains open.

As Kanaan notes, the vast majority of decisions from this District apply the heightened pleading requirements of *Twombly* and *Iqbal* to affirmative defenses. *See, e.g.*, *Dion v. Fulton Friedman & Gullace LLP*, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012) ("A majority of district courts have held that [*Twombly* and *Iqbal*] does apply"); *Illumina, Inc. v. BGI Genomics Co.*, 2020 WL 571030, at *5 (N.D. Cal. Feb. 5, 2020) ("I apply the *Twombly / Iqbal* pleading standard to affirmative defenses."); *Pertz v. Heartland Realty Inv'rs, Inc.*, 2020 WL 95636, at *1 (N.D. Cal. Jan. 8, 2020) ("[T]his Court and the majority of courts in this district have held that the heightened pleading standard of *Twombly* and *Iqbal*, which followed *Wyshak*, is now the correct standard to apply to affirmative defenses."); *Fishman v. Tiger Natural Gas Inc.*, 2018 WL 4468680, at *3 (N.D. Cal. Sept. 18, 2018) ("This order finds persuasive the reasoning of the district courts of this circuit and those across the country that apply the *Twombly / Iqbal* standard to affirmative defenses"). Notably, however, several decisions from elsewhere within the Ninth Circuit hold otherwise. *See, e.g.*, *Pac. Dental Servs., LLC v. Homeland Ins. Co. of N.Y.*, 2013 WL 3776337, at *2 (C.D. Cal. July 17, 2013) ("[T]here is good reason to conclude that *Twombly / Iqbal* do not apply to affirmative defenses, and an affirmative defense is sufficiently pled if it gives plaintiff fair notice of the defense."); *DC Labs Inc v. Celebrity Signatures Int'l, Inc.*, 2013 WL 4026366, at *5 (S.D. Cal. Aug. 6, 2013) (concluding under *Wyshak*'s more lenient "fair notice" standard that *Iqbal* and *Twombly*'s plausibility standard does not apply to affirmative defenses). With due respect to those decisions that reach a different conclusion, the Court is persuaded by the rationale of the decisions declining to apply the pleading requirements of *Twombly* and *Iqbal* to affirmative defenses.

There are both textual and pragmatic reasons for this conclusion. First, the language of Rule 8(a)(2) governing the pleading standards for claims substantially differs from the language of Rules 8(b)(1)(A) and 8(c) governing defenses. Rule 8(a)(2) requires the pleader to "*show[]* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Rule 8(b)(1)(A), by contrast, only requires that the responding party "state" its defenses. Rule 8(c) similarly requires that the responding party only "affirmatively state" its defenses. *See Kohler v. Islands*

3

*Restaurants, LP*, 280 F.R.D. 560, 566 (S.D. Cal. 2012) ("Factual plausibility—which is the key difference between *Twombly* / *Iqbal* pleading and 'fair notice' pleading—is particularly suited to claim pleading because Rule 8(a)(2) requires that the party 'show' that it is entitled to relief."); *Dodson*, 2013 WL 5970410, at *2 ("In contrast [to Rule 8(a)(2)], Rule 8(c), which governs affirmative defenses, requires only that the responding party 'affirmatively state' its defenses.").

Second, there are practical reasons that militate against extending *Twombly* and *Iqbal* to affirmative defenses. Unlike plaintiffs who have substantial time to draft their complaint (limited only by statutes of limitations), defendants typically have a far more compressed timeline (often just 21 days) to respond. *See Kohler*, 280 F.R.D. at 566 ("[T]he Court is persuaded by the … recognized distinction between the time plaintiff has to compose a complaint versus the time a defendant has to answer it."). Further, unlike a plaintiff who can usually freely amend her complaint if the Court finds that she fails to state a claim, a defendant is required to raise all affirmative defenses in her answer or otherwise risk waiving them. *See Serby v. First Alert, Inc.*, 943 F. Supp. 2d 506, 516 (E.D.N.Y. 2013) ("[W]hile a defendant is deemed to admit the allegations in a complaint if he or she does not respond, a plaintiff may largely ignore an answer without formal legal consequence.… A defendant, by contrast, risks waiving affirmative defenses that are omitted from its answer."). Finally, there is a "diminished concern that plaintiffs receive notice in light of their ability to obtain more information during discovery." *Bayer CropScience AG v. Dow AgroSciences LLC*, 2011 WL 6934557, at *1 (D. Del. Dec. 30, 2011). While the inclusion of frivolous claims in a complaint can substantially increase the time and expense of discovery, the risk that a defendant will "unlock[] the doors of discovery" with additional defenses is reduced because it is "unlikely that either side will pursue discovery on frivolous defenses." *Id.*

For these reasons, the Court concludes that the plausibility standard established in *Iqbal* and *Twombly* does not apply to affirmative defenses. Because Yaqub's affirmative defenses 2–5, 7–9, and 13 are properly pleaded under *Wyshak*'s "fair notice" standard, the Court denies the motion to strike those eight affirmative defenses.

**II.     Defenses 1 and 11 Are Stricken in Part.**

Kanaan further argues that affirmative defenses 1 (failure to state a claim), 6 (not a substantial factor), 11 (lack of standing), and 12 (punitive damages) should be stricken because they "simply embod[y] the contention that Plaintiff will be unable to prove the elements of the claims contained in the Complaint." Dkt. No. 57, at 4.

Courts are split on whether failure to state a claim can be raised as an affirmative defense. *Compare Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) ("Failure to state a claim is not a proper affirmative defenses but, rather, asserts a defect in [Plaintiff's] prima facie case."), *and LL B Sheet 1, LLC v. Loskutoff*, 362 F. Supp. 3d 804, 818 (N.D. Cal. 2019) ("The defense of failure to state a claim is, in essence, an argument that the plaintiff has not met its burden of alleging the elements of its claims."), *with Belvedere Partnership, Ltd. v. SSI Investment Management, Inc.*, 2010 WL 11508362, at *3 (C.D. Cal. May 12, 2010) (declining to strike an affirmative defense asserting failure to state a claim), *and Cintron Beverage Group, LLC v. Depersia*, 2008 WL 1776430, at *2 (E.D. Pa. Apr. 15, 2008) ("The Federal Rules specifically permit an averment of failure to state a claim to be raised as an affirmative defense" and "it is well-settled that a party can set forth the defense of failure to state a claim as an affirmative defense in the answer.").

The Court finds persuasive the reasoning of courts who allow failure to state a claim to be asserted as a defense in an answer. As then-District Judge Nguyen explained in *Belvedere*, "Rule 12(h)(2) allows a party to raise a defense for failure to state a claim in any pleading under Rule 7(a) and an answer is a pleading explicitly provided for in Rule 7(a)." 2010 WL 11508362, at *3. At the same time, it is clear that failure to state a claim is not an *affirmative* defense because it does no more than "demonstrate[] that plaintiff has not met its burden of proof." *Zivkovic*, 302 F.3d at 1088. The Court will therefore grant the motion to strike affirmative defense 1 in part, striking "affirmative" from Yaqub's characterization of the defense but denying the motion as to that defense in all other respects.

Kanaan similarly contends that lack of standing cannot be raised as an affirmative defense. He is again correct that lack of standing, like failure to state a claim, is not a true affirmative

5

1  defense. *See, e.g.*, *J&J Sports Productions, Inc. v. Vizcarra*, 2011 WL 4501318, at *2 (N.D. Cal.
2  Sept. 27, 2011) ("Because a plaintiff must plead and ultimately prove standing, lack of standing is
3  not an affirmative defense under federal law."); *Perez v. Gordon & Wong Law Group, P.C.*, 2012
4  WL 1029425, at *11 (N.D. Cal. Mar. 26, 2012) (holding that lack of standing "is not an
5  affirmative defense but rather a denial of Plaintiff's allegations contained in the complaint
6  asserting the constitutional requirement of standing"); *Polo v. Schwiff*, 2013 WL 1797671, at *3
7  (N.D. Cal. Apr. 29, 2013) ("[L]ack of standing is not a true affirmative defense, because [Plaintiff]
8  bears the burden of proof on that issue"); *G&G Closed Circuit Events, LLC v. Benjamin*, 2023 WL
9  2934930, at *4 (N.D. Cal. Apr. 12, 2023) ("Because standing must be affirmatively proven by
10 plaintiffs, lack of standing is a negative defense…."). Rule 8(b)(1)'s requirement that a defendant
11 state its defenses to the plaintiff's claims, however, is not limited to affirmative defenses, and Rule
12 12(h) characterizes lack of subject matter jurisdiction (of which lack of standing is one form) as a
13 "legal defense" by including it under the heading "Waiving and Preserving Certain Defenses."
14 Fed. R. Civ. P. 12(h). Yaqub is thus entitled to assert lack of standing as a defense in his answer.
15 The Court will therefore grant the motion to strike affirmative defense 11 only in part, striking
16 "affirmative" from Yaqub's characterization of the defense but denying the motion as to that
17 defense in all other respects.

18  It bears noting that there is little practical significance to this Court's holding that
19 defendants like Yaqub can assert failure to state a claim or lack of standing as a defense in their
20 answer. Because standing is a jurisdictional issue, Yaqub could raise that argument at any time in
21 these proceedings even if his answer omitted defense 11. *Hernandez v. Dutch Goose, Inc.*, 2013
22 WL 5781476, at *7 (N.D. Cal. Oct. 25, 2013). Likewise, Yaqub would be able to challenge
23 Kanaan's satisfaction of his burden to state a valid claim by motion or at trial whether or not his
24 answer included defense 1. In short, Yaqub was not required to include those defenses in his
25 answer to preserve them, while their inclusion in the answer will not impose any additional burden
26 on Kanaan.

27  Next, Kanaan argues that affirmative defense 6 (not a substantial factor) should be stricken
28 because it amounts to a basic denial of liability. But Yaqub's defense that his actions were not a

substantial factor in the alleged damages is an argument "regarding the lack of causation," which is a valid affirmative defense. *ExeGi Pharma, LLC v. Brookfield Pharmaceuticals, LLC*, 2020 WL 13860694, at *3 (E.D. Wis. July 15, 2020). The Court thus denies the motion to strike defense 6.

Finally, Kanaan argues that affirmative defense 12 (punitive damages are inappropriate) is improper. *See Classical Silk, Inc. v. Dolan Group, Inc.*, 2016 WL 7638112, at *2 (C.D. Cal. Mar. 21, 2016) ("[I]t is Plaintiff's burden to establish that an award of enhanced damages and/or attorneys' fees is proper," so Defendant's affirmative defense acts "only to negate elements of Plaintiff's prima facie case."). The Court disagrees. *Hill v. Herbert Roofing & Insulation, Inc.*, 2014 WL 234217, at *3 (E.D. Mich. Jan. 22, 2014) ("[Defendant's] affirmative defense that punitive damages are unavailable is clearly material to the case."). Given a general policy against striking relevant portions of pleadings, the Court denies the motion to strike defense 12.

In sum, the Court grants in part the motion to strike affirmative defenses 1 and 11, striking only Yaqub's characterization of those defenses as "affirmative," but otherwise denies the motion to strike affirmative defenses 1, 6, 11, and 12.

### III. Affirmative Defense 10 Has Already Been Rejected by the Court.

Finally, Kanaan contends that affirmative defense 10 (failure to join a necessary party) should be stricken because the defense was previously rejected by the Court in an order denying Yaqub's motion to dismiss under Federal Rule of Civil Procedure 12(b)(7). Dkt. No. 54. Yaqub argues in affirmative defense 10 that his and Kanaan's California LLC is an indispensable party to this litigation, but the Court has already rejected this argument. *Id.* at 6–7 (finding the claims against Yaqub to be direct and not derivative and that the LLC is therefore not an indispensable party). The Court agrees with Kanaan and finds that affirmative defense 10 "must be stricken as redundant." *See, e.g.*, *Knit With v. Knitting Fever, Inc.*, 2009 WL 973492, at *9 (E.D. Pa. Apr. 8, 2009) (striking an assumption of risk affirmative defense that had already been rejected by the Court in a prior order).

## CONCLUSION

For the foregoing reasons, the Court denies Kanaan's motion to strike affirmative defenses 2–9 and 12–13, grants in part the motion to strike defenses 1 and 11, and strikes defense 10.

**IT IS SO ORDERED.**

Dated: December 26, 2023

_____
P. Casey Pitts
United States District Judge