Shaun M. Murphy (SBN 194965)
Charles L. Gallagher (SBN 167093)
SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
74774 CA-111
Indian Wells, CA 92210
Telephone: (760) 322-2275
Email: murphy@sbemp.com

Attorneys for Defendant Nizar Yaqub

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NABIH "NICK" KANAAN,<br><br>    Plaintiff,<br><br>v.<br><br>NIZAR YAQUB,<br><br>    Defendant. | **CASE NO.: 5:21-cv-09591-PCP**<br><br>Judge: Hon. Casey Pitts<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with the Declaration of Shaun M. Murphy, Request for Judicial Notice, and (proposed) Order.]<br><br>Date:       May 29, 2025<br>Time:      10:00 a.m.<br>Dept.:     Courtroom 8<br><br>Action Filed:   December 10, 2021<br>TSC:       June 24, 2025<br>Trial Date:   None Set |

Slovak Baron Empey Murphy & Pinkney LLP
74774 Highway 111
Indian Wells, CA 92210

1
2
3
4
5
6
7

**PLEASE TAKE NOTICE** that on May 29, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8 of the above-entitled Court, located at 280 South First Street, San Jose, California 95113, Defendant Nizar Yaqub ("*Defendant*") will, and hereby does, move in accordance with Rule 56 of the Federal Rules of Civil Procedure, for partial summary judgment as to Plaintiff Nabih "Nick" Kanaan's ("*Plaintiff*") First Cause of Action for Breach of Fiduciary Duty and Sixth Cause of Action for Fraud-Concealment, and as to the derivative claims identified below.

8
9
10
11
12
13
14
15
16
17
18
19

Defendant moves for partial summary on the ground that the first and sixth causes of action for breach of fiduciary duty and fraud in Plaintiff's First Amended Complaint ("*FAC*") are untimely and therefore barred by the applicable statute of limitations because Plaintiff's lawsuit was filed more than three years after Plaintiff's discovery of the factual basis of the claims and the accrual of the causes of action. Defendant also moves for summary judgment as to Plaintiff's claims, at Paragraphs 25, 27, 28, 31, 32, and 75 of the FAC, that Defendant and his late wife, Linda Seeley, used funds from the parties' limited liability company for personal use, and Defendant's alleged failure to renew the company's liquor license on the grounds that they are derivative claims that can only be brought by the limited liability company, and Plaintiff therefore lacks standing to bring the claims, and that the claims of misused funds are barred by the statute of limitations.

20
21
22
23
24

Defendant's motion is based on this notice of and motion, the accompanying memorandum of points and authorities, the concurrently filed Request for Judicial Notice, Declaration of Shaun M. Murphy, Esq. and supporting evidence, the [proposed] order, on the pleadings in this action, as well as any evidence and arguments that may be offered in reply or in oral argument at the hearing on the motion.

25

Dated: April 21, 2025

**SLOVAK BARON EMPEY MURPHY & PINKNEY LLP**

26
27
28

*[s]* Shaun M. Murphy
Shaun M. Murphy
Charles L. Gallagher
Attorneys for Defendant Nizar Yaqub

Slovak Baron Empey Murphy & Pinkney LLP
74774 Highway 111
Indian Wells, CA 92210

**Table of Contents**

I.    INTRODUCTORY STATEMENT ................................................................. 5

II.   STATEMENT OF MATERIAL FACTS ..................................................... 6

  A.  The First Amended Complaint ............................................................ 6

III.   PROCEDURAL STATUS - PRIOR MOTIONS..................................... 9

  1.  Motion to Dismiss (Rule 12(b)(6))................................................... 9

  2.  Motion to Dismiss Based on Lack of Diversity ................................ 10

  3.  Motion to Dismiss (Rule 12(b)(7))................................................... 10

  4.  Plaintiff's Motion to Strike Affirmative Defenses Under Rule 12(f) ................ 11

IV.   STANDARDS GOVERNING SUMMARY JUDGMENT............................. 12

  A.  Required Evidentiary Showing .......................................................... 12

  B.  Partial Summary Judgment ............................................................... 13

V.   LEGAL ARGUMENT .......................................................................... 13

  A.  Plaintiff's Sixth Cause of Action for Fraud is Barred by the Statute of Limitations............................................................................... 13

  B.  Because the Gravamen of Plaintiff's First Cause of Action for Breach of Fiduciary Duty is  ........Fraud, the Action is Also Barred by the Three-Year Statute of Limitations............................................................ 14

  C.  Plaintiff's Derivative Claims Should Be Dismissed. ......................... 16

  D.  Plaintiff's Claims of Alleged Misuse of LLC Funds for the Payment of Personal Expenses Are Barred by the Statute of Limitations. ................ 17

VI.   CONCLUSION. ................................................................................ 177

Slovak Baron Empey Murphy & Pinkney LLP
74774 Highway 111
Indian Wells, CA 92210

NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Slovak Baron Empey Murphy & Pinkney LLP
74774 Highway 111
Indian Wells, CA 92210

## Cases

*Am. Master Lease LLC v. Idanta Partners, Ltd*. (2014) 225 Cal.App.4th 1451, 1479 . 15

*Anderson v. Liberty Lobby, Inc*. (1986) 477 U.S. 242, 247-248 .................................. 13

*Britton v. Girardi* (2015) 235 Cal.App.4th 721, 733 ...................................................... 14

*Cloud v. Northrup Grumman Corp*. (1998) 67 Cal.App.3d 995, 1004 ........................ 17

*Estate of Gump* (1991) 1 Cal.App.4th 582, 601 .............................................................. 16

*Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 22-23 ................................................ 15

*Lies v. Farrell Lines, Inc*. (9th Cir. 1981) 641 F.2d 765, 769 ...................................... 14

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp*. (1986) 475 U.S. 574, 587 ............ 13

*Nissan Fire & Marine Ins. Co. v. Fritz Cos*. (9th Cir. 2000) 210 F.3d 1099, 1102 ...... 14

*PacLink Communications Internat., Inc. v. Superior Court* (2001) 90 Cal.App.4th 958, 965 ................................................................................................................................... 17

*Prakashpalan v. Engstrom, Lipscomb & Lack* (2014) 223 Cal.App.4th 1105, 1131 ... 16

*Scott v. Harris* (2007) 550 U.S. 372, 380 ...................................................................... 13

*Sebastian Int'l, Inc. v. Russolino* (CD CA 2001) 151 F.Supp.2d 1215, 1217 .............. 14

See *City of Vista v. Robert Thomas Securities, Inc*. (2000) 84 Cal.App.4th 882, 889 .. 15

*Thomson v. Canyon* (2011) 198 Cal.App.4th 594, 606-607 .......................................... 15

*William L. Lyon & Assoc. v. Superior Court* (2012) 204 Cal.App.4th 1294, 1313 ...... 15

*Younan v. Equifax Inc*. (1980) 111 Cal.App.3d 498, 516 ............................................. 15

## Statutes

Cal. Civ. Code § 1573 .................................................................................................... 16

Cal. Code Civ. Proc., § 367 ........................................................................................... 17

Code Civ. Proc., § 337 ................................................................................................... 18

Code Civ. Proc., § 338(d) .............................................................................................. 18

Code Civ. Proc., § 338, subd. (d) .................................................................................. 14

F.R.Civ.P. 56(a) .............................................................................................................. 13

F.R.Civ.P. 56(c)(1) ........................................................................................................ 14

## Other Authorities

Rylaarsdam & Turner, Cal. Practice Guide: Civil Procedure Before Trial, Statutes of Limitations (The Rutter Group 2009) .......................................................................... 15

4

1  <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2  **I.    INTRODUCTORY STATEMENT**

3        This case arises out of a dispute between Plaintiff Nabih Kanaan ("*Plaintiff*" or

4  "*Kanaan*") and Defendant Nizar Yaqub ("*Defendant*" or "*Yaqub*"), the two members of

5  a California limited liability company, The Inn at Del Monte Beach ("*The LLC*").

6  Kanaan alleges that Yaqub engaged in fraud and breached The LLC's operating

7  agreement in order to "squeeze" Kanaan out of The LLC or to unfairly reduce Kanaan's

8  membership interest. Yaqub denies the allegations.

9        In his First Amended Complaint ("*FAC*"), Plaintiff alleges causes of action for

10  breach of fiduciary duty (first cause of action) and fraud (sixth cause of action) arising

11  out of the same conduct and are predicated on essentially the same allegations: a)

12  Defendant's alleged wrongful and secret reduction of Plaintiff's membership interest in

13  The LLC from 30% to 8%, b) Defendant's alleged failure to provide notice of a capital

14  call, which resulted in the reduction of his membership interest, and d) failure to provide

15  notice of other meetings, and d) allegedly falsifying documents relating to these actions.

16  Plaintiff's fraud cause of action is clearly governed by the three-year statute of

17  limitations in California Code of Civil Procedure section 338(d). Plaintiff discovered

18  Defendant's allegedly wrongful acts no later than June 1, 2018, but failed to file his

19  lawsuit until December 10, 2021, or approximately 3.5 years after the cause of action

20  accrued.

21        In ruling on Defendant's earlier motion to dismiss, the Court stated, without

22  analysis, that the four-year statute of limitations governed Plaintiff's *other* substantive

23  claims, including his breach of fiduciary duty cause of action (but excluding Plaintiff's

24  fraud cause of action). Defendant respectfully requests that the Court reconsider its prior

25  statement and analyze the issue anew here. Because the gravamen of Plaintiff's breach

26  of fiduciary duty claim is constructive fraud, the three-year statute of limitations applies

27  and renders the claim untimely as well. As in his fraud claim, the gravamen of Plaintiff

28  breach of fiduciary duty claim is based on Defendant's alleged scheme to secretly reduce

Slovak Baron Empey Murphy & Pinkney LLP
74774 Highway 111
Indian Wells, CA 92210

NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

1    Plaintiff's membership interest and to defraud him out of both the larger part of his
2    membership interest and The LLC's profits and distributions.

3    Finally, the FAC contains several allegations that are derivative in nature and
4    which Plaintiff therefore lacks standing to pursue. Only The LLC could bring claims
5    involving the alleged misuse of LLC funds or the failure to renew a license belonging to
6    The LLC. The claims are also barred by the statute of limitations as Plaintiff has admitted
7    that he was aware of the alleged misuse of LLC funds as early as 2011.

8    Accordingly, Defendant is entitled to summary judgment in his favor and against
9    Plaintiff on each of these claims.

10   **II.    STATEMENT OF MATERIAL FACTS**

11   **A.    The First Amended Complaint**

12   Plaintiff initiated this action on December 10, 2021, against Yaqub and The Inn
13   at Del Monte Beach (Dkt. 1). He filed the operative First Amended Complaint ("*FAC*")
14   on February 16, 2022, against the same defendants. (Dkt. 18.)[1]

15   Plaintiff's FAC contains six causes of action:

16   - Count one (breach of fiduciary duty);
17   - Count two (breach of contract);
18   - Count three (breach of the implied covenant of good faith and fair dealing);
19   - Count four (violation of Business & Professions Code § 17200);
20   - Count five (declaratory relief); and
21   - Count six (Fraud-Concealment).

22   To begin, Plaintiff alleges that in 1998, he and Yaqub formed an entity called
23   Medical Equities, LLC together with Yaqub's wife, Linda Seeley. Plaintiff and Seeley
24   each owned 30% membership interests, while Yaqub owned a 40% interest. (FAC ¶ 10.)
25   In 1999, Medical Equities purchased real property it sold in 2001 for $2.1 million, with
26   $148,000 distributed to Plaintiff as his alleged 30% share of the profits. (FAC ¶¶ 11-12.)

27

28   _____
     [1] See Defendant's Request for Judicial Notice, Fact No. 1; Murphy Decl., ¶ 1 and Exh. 1.

Slovak Baron Empey Murphy & Pinkney LLP
74774 Highway 111
Indian Wells, CA 92210

NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff next alleges that in 2002 Medical Equities purchased property located in the Del Monte Beach area of Monterey using $1.2 million of its own cash, and $600,000 in FF&E financing with the intent to operate the property as a bed & breakfast (the "Property"). (FAC ¶ 13.)

Plaintiff further alleges that in 2007, "Plaintiff, Yaqub and Seeley formed a new California limited liability company, The LLC, to hold and manage the Property, by executing an Operating Agreement," a copy of which is attached to the FAC as **Exhibit 1**.[2] (FAC ¶ 16.) Under the Operating Agreement, Plaintiff owned a 30% interest in The LLC while Seeley owned the remaining 70% interest.[3] (FAC ¶ 16.) In fact, Yaqub was not initially a member of The LLC.

Plaintiff then alleges that in 2011, Seeley purportedly transferred her ownership interest in The LLC to Yaqub, and that she passed a few months later after a years-long fight with cancer. (FAC ¶¶ 20-21.)

Plaintiff next alleges that in a September 2017 application for another liquor license, Defendant stated that he owned 92% of The LLC while Plaintiff owned 8%. (FAC ¶ 25.) In response to inquiry by the ABC, Defendant allegedly "falsified" documents to explain that Plaintiff's ownership interest had been decreased. (FAC ¶¶ 26-27.)

Then, on or about June 1, 2018, Plaintiff received a letter from Defendant's attorney in which Plaintiff allegedly "read for the first time that a capital call was allegedly held for The LLC in 2010 and that Plaintiff's equity interest in The LLC had allegedly been decreased from 30% to 8%." (FAC ¶ 29; see Murphy Decl. ¶¶ 8-9, and Ex. 8 thereto.) In November 2018, Yaqub "drafted 'Minutes to Memorialize Prior Action

---

[2]     See Murphy Declaration, ¶ 1 and Exhibit 1 thereto.

[3]     Section 12.5 of the Operating Agreement provides that: "Each Member hereby consents to the exclusive jurisdiction of the state and federal courts sitting in California in any action on a claim arising out of, under or in connection with this agreement or the transactions contemplated by this Agreement."

Slovak Baron Empey Murphy & Pinkney LLP
74774 Highway 111
Indian Wells, CA 92210

7

Taken'" that noted the reduction in Plaintiff's membership interest "effective January 1, 2011…" (FAC ¶ 30.)

Plaintiff further alleges that any amendment to The LLC's Operating Agreement required unanimous approval of all members, and that no member would be required to make additional capital contributions to the company and, in contradiction, that additional contributions of capital "shall be made only with a two-thirds (2/3) vote of the members." (FAC ¶¶ 33, 42.)

In his first cause of action for breach of fiduciary duty, and incorporating all prior allegations, Plaintiff alleges that Defendant breached his duties to Plaintiff by, among other things:

- Failing to provide notice of the alleged capital calls;
- Falsifying documents related to capital calls;
- Colluding in bad faith with Seeley to use LLC funds for personal expenses:
- Colluding in bad faith to reduce Plaintiff's membership interest from 30% to 8% and to misappropriate Plaintiff's pro rata share of LLC profits; and
- Intentionally withholding information, excluding Plaintiff from alleged meetings, and failing to give notice of the supposed meetings.

(FAC ¶ 38.)

In his sixth cause of action for fraud, again incorporating all prior allegations, Plaintiff similarly alleges that Defendant failed to disclose certain material facts to him, including but not limited to:

- Improperly initiating, without proper notice, a capital call;
- Improperly, and without proper notice, drafting an amended operating agreement; and
- Improperly, and without proper notice, drafting minutes for alleged decisions that were detrimental to Plaintiff as a minority interest holder.

(FAC ¶ 75.)

///

Slovak Baron Empey Murphy & Pinkney LLP
74774 Highway 111
Indian Wells, CA 92210

8

**B.    Plaintiff's Derivative Claims**

Addressed previously in prior motions discussed immediately below, Plaintiff alleges that in approximately 2019, he discovered that prior to her death Seeley had used The LLC's credit cards and business funds to pay for her personal medical debts, and that Plaintiff and Seeley had used same to pay for other personal expenses, all without Plaintiff's knowledge or approval. (FAC ¶¶ 31-32.)

Plaintiff further alleges that Defendant had made false statements in certain documents submitted to the ABC in connection with The LLC's application for "another liquor license for the Property" (FAC ¶¶ 25, 27-28), and that Defendant had improperly concealed from Plaintiff the fact that he had "failed to properly renew the liquor license for The Property" (FAC ¶75).

As discussed below, these claims are for damage or harm to The LLC and may therefore be brought only in a derivative action on behalf of The LLC. However, Plaintiff dismissed The LLC as a nominal defendant on December 14, 2022. (Dkt. 42.)[4]

## III.    PROCEDURAL STATUS - PRIOR MOTIONS.

There have been four substantive motions filed previously in this action, each of which has some bearing the instant motion.

**1.    Motion to Dismiss (Rule 12(b)(6)).**

Defendant moved to dismiss causes of action 1-5 in Plaintiff's FAC as untimely under rule 12(b)(6). (Dkt. 20.) Defendants also argued that the 6th cause of action failed for lack of specificity. (*Ibid.*) On August 15, 2022, the Court denied the motion, concluding, without significant discussion, that claims 1-4 were each governed by a four-year limitations period, and that the 6th cause of action was pleaded with sufficient particularity.[5] (Dkt. 40.)[6]

---

[4]    See Defendant's Request for Judicial Notice, No. 3; Murphy Decl., ¶ 3, Exh. 3.

[5]    The Court noted that Plaintiff's fifth cause of action (declaratory relief) is not governed by a separate limitations period because "declaratory and injunctive relief are not independent claims, rather they are forms of relief." (Order, p. 5.)

[6]    See Defendant's Request for Judicial Notice, No. 2; Murphy Decl., ¶ 2, Exh. 2.

Slovak Baron Empey Murphy & Pinkney LLP
74774 Highway 111
Indian Wells, CA 92210

NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

In denying the motion, the Court cited Plaintiff's allegation – at FAC ¶ 29 - that he only discovered the alleged wrongdoing upon receipt of a letter from Defendant's counsel dated June 1, 2018, informing Plaintiff that his equity interest in The LLC had been decreased from 30% to 8% based on an unanswered capital call in 2010. Based thereon, the Court stated that the four-year limitations period began to run at the earliest on <u>June 1, 2018</u>, and that Plaintiff's lawsuit filed on December 10, 2021, approximately 3.5 years later, was therefore timely.[7] (Dkt. 40.)

### 2.    <u>Motion to Dismiss Based on Lack of Diversity</u>

On August 31, 2022, Defendant moved to dismiss the FAC based on lack of subject matter jurisdiction due to lack of diversity of all parties. (Dkt. 41.) In response, Plaintiff voluntarily dismissed The LLC, as a defendant. (Dkt. 42.) On October 27, 2022, the Court denied Defendant's motion on the ground that a court may "cure a jurisdictional defect by dismissing a dispensable nondiverse party" at any time. (Dkt. 44.)[8]

The Court also held that because Yaqub did not file a reply brief, he had forgone his opportunity to argue that The LLC was an indispensable party. The Court further opined that such an argument would have been unsuccessful in any event "as it is clear from the face of the FAC that The LLC is not an indispensable party to Kanaan's claims against Yaqub that are grounded in Yaqub's own alleged misconduct." (Dkt. 44.)

### 3.    <u>Motion to Dismiss (Rule 12(b)(7))</u>

Defendant then moved to dismiss the FAC for failure to join an indispensable party, i.e., The LLC. (Dkt. 45.) Plaintiff opposed the motion arguing that the Court's prior ruling was the law of the case, thus barring the motion. (Dkt. 46.) Defendant

---

[7]    In contrast, Defendant argues in this motion that the sixth cause of action is untimely under the three-year limitations period in Code of Civil Procedure § 340 governing fraud claims. Defendant further requests the Court reconsider its earlier statement regarding the first cause of action for breach of fiduciary duty on the ground that the gravamen of the claim is Defendant's alleged fraudulent concealment of the key facts and therefore that these claims are also barred by a three-year limitations period.

[8]    See Defendant's Request for Judicial Notice, No. 4; Murphy Decl, ¶ 4, Exh. 4.

Slovak Baron Empey Murphy & Pinkney LLP
74774 Highway 111
Indian Wells, CA 92210

Slovak Baron Empey Murphy & Pinkney LLP
74774 Highway 111
Indian Wells, CA 92210

countered that he did not believe a reply in the earlier proceeding was necessary because Plaintiff had an absolute right to dismiss The LLC because no answer or summary judgment had been filed, and because the issue of The LLC as an indispensable party was not raised in Plaintiff's opposition. (Dkt. 47.)

The Court found Defendant's arguments to be well-taken and agreed to decide the motion on the merits. Ultimately, the Court held that the majority of the claims against Defendant were direct, not derivative, claims - "the gravamen of the FAC is Yaqub's attempt to squeeze Kanaan out of The LLC. The LLC is not an indispensable party to those claims." (Dkt. 54.)[9] The Court noted, however, that certain allegations in the FAC were in fact derivative in nature:

> "Yaqub correctly points out that the FAC contains other allegations of misconduct by Yaqub that harmed The LLC, for example, the allegations that Yaqub colluded with [his ill wife] Seeley to use LLC funds for personal expenses and failed to renew the liquor license for a property owned by The LLC. FAC ¶¶ 38(c), 47(c), 75(d). *Any claims based on those allegations would be derivative and would require joinder of The LLC to proceed.*" (Dkt. 54, p. 7.) (Italics added.)

On May 31, 2023, Yaqub filed his Answer to First Amended Complaint and Counterclaim, addressing each allegation in the FAC and asserting thirteen separate affirmative defenses. (Dkt. 55.)[10] Yaqub also counter-claimed for declaratory relief seeking a judicial declaration as to the parties' respective interests in The LLC. (*Ibid.*)

### 4.    Plaintiff's Motion to Strike Affirmative Defenses Under Rule 12(f)

On June 21, 2023, after Yaqub answered the FAC, Plaintiff moved to strike all of Defendant's affirmative defenses. (Dkt. 57-1.) The Court granted the motion as to affirmative defense ten (failure to join necessary party), as that defense was previously rejected by the Court. The Court also granted the motion *in part* as to affirmative defense one (failure to state a claim), and affirmative defense two (lack of standing), holding that these are not "affirmative" defenses, but otherwise permitting the defenses to remain.

---

[9]    See Defendant's Request for Judicial Notice, No. 5; Murphy Decl., ¶ 5, Exh. 5.

[10]    See Defendant's Request for Judicial Notice, No. 6; Murphy Decl., ¶ 6, Exh. 6.

1    (Dkt. 71.)[11] Consequently, Yaqub's defenses based on these grounds and the others

2    pleaded, including the statute of limitations (affirmative defense 8) were not stricken.

3    (*Ibid.*)

4         A trial setting conference is scheduled for June 24, 2025.

5    **IV.    STANDARDS GOVERNING SUMMARY JUDGMENT**

6         The court shall grant summary judgment if the movant shows there is no genuine

7    dispute as to any material fact and the movant is entitled to judgment as a matter of law.

8    (F.R.Civ.P. 56(a).) The rule does not require that there be an absolute absence of any

9    factual dispute. Rather, there must be no genuine dispute as to any *material* fact.

10   (*Anderson v. Liberty Lobby, Inc*. (1986) 477 U.S. 242, 247-248.)

11        Courts determine whether a fact is material by looking to the governing

12   substantive law. If the fact may affect the outcome of the case, it is material. (*Anderson*

13   *v. Liberty Lobby, Inc., supra*, 477 U.S. at p. 248.)

14        An issue or dispute about a material fact is "genuine" if the evidence is such that

15   a reasonable jury could return a verdict for the nonmoving party. (*Ibid.*) If the record as

16   a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

17   genuine issue for trial. (*Matsushita Elec. Indus. Co. v. Zenith Radio Corp*. (1986) 475

18   U.S. 574, 587; *Scott v. Harris* (2007) 550 U.S. 372, 380 [when non-moving party's

19   version of facts is "blatantly contradicted by the record, so that no reasonable jury could

20   believe it, [the] court should not adopt that version of the facts for purposes of ruling on

21   a motion for summary judgment".])

22   **A.    Required Evidentiary Showing**

23        If the moving party bears the burden of persuasion at trial on a dispositive issue,

24   the moving party must support its motion with credible evidence showing that there is

25   no genuine dispute as to any material fact and that it is entitled to judgment as a matter

26   of law. (F.R.Civ.P. 56(a).)

27

28

---

[11]    See Defendant's Request for Judicial Notice, No. 7; Murphy Decl., ¶ 7, Exh. 7.

Slovak Baron Empey Murphy & Pinkney LLP
74774 Highway 111
Indian Wells, CA 92210

In contrast, if the nonmoving party has the burden of persuasion at trial on a dispositive issue, the moving party may satisfy its initial burden on the motion in one of two ways: either (1) submit affirmative evidence negating an essential element of the nonmoving party's claim; or (2) demonstrate that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. (*Nissan Fire & Marine Ins. Co. v. Fritz Cos.* (9th Cir. 2000) 210 F.3d 1099, 1102; see F.R.Civ.P. 56(c)(1).)

### B.    Partial Summary Judgment

The court may grant summary adjudication on specific issues without granting summary judgment as to the entire relief to narrow the issues for trial (*Sebastian Int'l, Inc. v. Russolino* (CD CA 2001) 151 F.Supp.2d 1215, 1217), eliminating useless facts and issues over which there is no controversy that would tend to confuse and complicate the lawsuit. (*Lies v. Farrell Lines, Inc.* (9th Cir. 1981) 641 F.2d 765, 769.)

## V.    LEGAL ARGUMENT

### A.    Plaintiff's Sixth Cause of Action for Fraud is Barred by the Statute of Limitations.

The statute of limitations for fraud in California is three years. (Code Civ. Proc., § 338, subd. (d).) This section also codifies the delayed discovery rule, providing that a cause of action for fraud "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." (*Britton v. Girardi* (2015) 235 Cal.App.4th 721, 733.)

Here, Plaintiff alleges that he first discovered the alleged wrongs committed by Defendant through correspondence from Defendant's attorney dated June 1, 2018, informing him that there had been an unmet capital call 2010 and that Plaintiff's membership interest in The LLC had been reduced from 30% to 8% as a result. (FAC ¶ 29.) It is this reduction and Defendant's alleged failure to provide notice of the capital call that forms the primary basis of Plaintiff's sixth count for fraud. (FAC ¶¶ 75-80.)

Slovak Baron Empey Murphy & Pinkney LLP
74774 Highway 111
Indian Wells, CA 92210

Plaintiff initiated this action on December 10, 2021 (Dkt. 1); approximately 3½ years *after* receiving notice of the facts supporting his cause of action via the letter from Defendant's attorney informing him of the reduction of his membership interest in The LLC when he did not meet or respond to the capital call in 2010. Consequently, Plaintiff's fraud count is barred by the three-year statute of limitations in California Code of Civil Procedure section 338(d). Defendant is therefore entitled to judgment in his favor on the sixth cause of action as a matter of law.

**B.** **Because the Gravamen of Plaintiff's First Cause of Action for Breach of Fiduciary Duty is Fraud, the Action is Also Barred by the Three-Year Statute of Limitations.**

The statute of limitations for breach of fiduciary duty is three years or four years, "depending on whether the breach is fraudulent or nonfraudulent." (*Am. Master Lease LLC v. Idanta Partners, Ltd.* (2014) 225 Cal.App.4th 1451, 1479.) Normally, if a complaint alleges acts of actual or constructive fraud but frames its cause of action as one for breach of fiduciary duty, the statute of limitations for fraud applies. (See *City of Vista v. Robert Thomas Securities, Inc.* (2000) 84 Cal.App.4th 882, 889; *William L. Lyon & Assoc. v. Superior Court* (2012) 204 Cal.App.4th 1294, 1313 ["a breach of a fiduciary duty usually constitutes constructive fraud"].)

"To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action. [Citations.] '[T]he nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of limitations under our code.'" (*Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 22-23.)

"Accordingly, '[w]here the gravamen of the complaint is that the defendant's acts constituted actual or constructive fraud, the applicable statute of limitations is the [Code of Civil Procedure section 338, subdivision (d) three-year] limitations period,' governing fraud even though the cause of action is designated by the plaintiff as a claim for breach of fiduciary duty." (*Thomson v. Canyon* (2011) 198 Cal.App.4th 594, 606-607, quoting

Slovak Baron Empey Murphy & Pinkney LLP
74774 Highway 111
Indian Wells, CA 92210

Rylaarsdam & Turner, Cal. Practice Guide: Civil Procedure Before Trial, Statutes of Limitations (The Rutter Group 2009) ¶ 4:1795.)

Unlike actual fraud, constructive fraud depends on the existence of a fiduciary relationship. (*Younan v. Equifax Inc*. (1980) 111 Cal.App.3d 498, 516.) The elements of a constructive fraud cause of action are: "(1) a fiduciary or confidential relationship; (2) nondisclosure (breach of fiduciary duty); (3) intent to deceive; and (4) reliance and resulting injury (causation)."[12] (*Id*. at p. 517, fn. 14.)

Here, because the gravamen of Plaintiff's breach of fiduciary duty claim is constructive fraud, the statute of limitations for the claim is three years. It is undisputed that there is a fiduciary relationship between Defendant and Plaintiff. At paragraph 38, subsection (e), of the FAC, Plaintiff alleges that Defendant breached his fiduciary duty to Plaintiff by "[i]ntentionally withholding information and documents from Plaintiff, excluding him from alleged meetings, and failing to give him notice of these supposed meetings." Thus, for purposes of pleading the second and third elements of constructive fraud are clearly met. Finally, Plaintiff alleges that as a direct and proximate result of this conduct, he suffered financial damages. (See FAC ¶¶ 38-39.)

In short, the essence of Plaintiff's fiduciary duty claim is that Defendant fraudulently concealed or failed to give notice of the alleged capital contribution call, fraudulently concealed the alleged reduction of his membership interest from 30% to 8%, and continued the alleged coverup by failing to provide notice of, or concealing, member meetings. Consequently, the gravamen of the claim is that Defendant's acts and omissions constituted constructive fraud which is governed by the three-year statute of limitations in California Code of Civil Procedure section 338(d).[13] Accordingly,

---

[12]    "In its generic sense, constructive fraud comprises all acts, omissions and concealments involving a breach of legal or equitable duty, trust, or confidence, and resulting in damages to another." (*Prakashpalan v. Engstrom, Lipscomb & Lack* (2014) 223 Cal.App.4th 1105, 1131 quoting *Estate of Gump* (1991) 1 Cal.App.4th 582, 601; see Cal. Civ. Code § 1573.)

[13]    Defendant acknowledges his prior counsel, Mr. Murray (deceased), previously opined that a four-year limitations period applied to the first cause of action. (Dkt. 20-1, p. 3.) However, Mr. Murray was simply incorrect and was likely relying on the fact that in Plaintiff's initial complaint he had alleged he discovered

1    Plaintiff's first cause of action for breach of fiduciary duty is, like his sixth cause of

2    action for fraud, barred by the statute of limitations.

3        **C.    Plaintiff's Derivative Claims Should Be Dismissed.**

4        "Every action must be prosecuted in the name of the real party in interest." (Cal.

5    Code Civ. Proc., § 367.) A party who is not the real party in interest lacks standing to

6    sue. (*Cloud v. Northrup Grumman Corp.* (1998) 67 Cal.App.3d 995, 1004.)

7        Because a "company has a legal existence separate from its members, … a

8    corporation which suffers damages through wrongdoing by its officers and directors

9    must itself bring the action to recover the losses thereby occasioned." (*PacLink*

10    *Communications Internat., Inc. v. Superior Court* (2001) 90 Cal.App.4th 958, 965

11    ("*PacLink*").) In California, the same rule applies to a limited liability company. (*Id.* at

12    p. 963.)

13        An action or allegation "is derivative, i.e., in the corporate right, if the gravamen

14    of the complaint is injury to the corporation, or to the whole body of its stock and

15    property … or it seeks to recover assets for the corporation or to prevent dissipation of

16    its assets." (*PacLink, supra*, 90 Cal.App.4th at p. 964.) In contrast, a stockholder may

17    bring a direct action "to enforce a right against the corporation which the stockholder

18    possesses as an individual." (*Ibid.*)

19        The Court has correctly decided that the FAC contains several allegations that

20    relate to or support derivative claims. (Dkt. 54, p. 7.) Specifically, these are the

21    allegations regarding the use of LLC funds to pay for personal expenses, including

22    Seeley's medical expenses (FAC ¶¶ 31-32), and Defendant's alleged failure to renew a

23    liquor license (FAC ¶¶ 25, 27-28, 75). These allegations are of potential injuries to The

24    LLC, and not personal to Plaintiff. Plaintiff lacks standing to bring claims on behalf of

25    The LLC based on these allegations. The allegations are also irrelevant and unrelated to

26    the alleged wrongs of Defendant at issue. Allowing them to remain will only prejudice

27

28    _____
     Defendant's alleged wrongdoing in 2011. Plaintiff countered that "2011" was simply a typographical error, and
     revised the allegation in his amended complaint.

Slovak Baron Empey Murphy & Pinkney LLP
74774 Highway 111
Indian Wells, CA 92210

Slovak Baron Empey Murphy & Pinkney LLP
74774 Highway 111
Indian Wells, CA 92210

Defendant, waste the court's and the parties' time, confuse the issues in dispute, and likely confuse the trier of fact. Accordingly, Defendant is entitled to judgment in his favor on these claims as a matter of law.

**D.**    **Plaintiff's Claims of Alleged Misuse of LLC Funds for the Payment of Personal Expenses Are Barred by the Statute of Limitations.**

Plaintiff's claim based on the alleged wrongful use of LLC funds to pay for Defendants personal expenses are also barred by the statute of limitations. Whether the four-year limitations period for breach of contract (Code Civ. Proc., § 337) or the three-year limitations period for fraud (Code Civ. Proc., § 338(d)) govern the claim, the limitations had long run because Plaintiff was aware of the facts underlying the claim no later than 2011.

Plaintiff recently testified that Defendant's late wife, Linda Seeley, informed him that she and her husband were using company money to pay personal expenses. (See Murphy Decl., ¶ 10, and Exh. 9, at 89:7-12; 91:10 - 92:12.) Because Ms. Seeley died in 2011, Plaintiff was aware of the potential claim at least 10 years before the filing of this lawsuit in late 2021. For this further reason, Defendant is entitled to judgment in his favor on these claims as a matter of law.

**VI.**    **CONCLUSION.**

For the foregoing reasons, Defendant Nizar Yaqub respectfully requests that the Court grant summary judgment in favor of Defendant on Plaintiff's first and sixth causes of action for breach of fiduciary duty and fraud, and on the derivative claims identified in the notice of this motion.

Dated: April 22, 2025        **SLOVAK BARON EMPEY MURPHY & PINKNEY LLP**

*[s]* Shaun M. Murphy
Shaun M. Murphy
Charles L. Gallagher
Attorneys for Defendant Nizar Yaqub

17

**CERTIFICATE OF SERVICE**

I am employed in the County of Riverside, State of California. I am over the age of 18 years and not a party to the within action; my business address is that of SLOVAK BARON EMPEY MURPHY & PINKNEY LLP, 74774 Highway 111, Indian Wells, California 92210.

I hereby certify that I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California by using the CM/ECF system and served the foregoing document described as **NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; PROPOSED ORDER** on all interested parties in this action by placing [] the original [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED SERVICE LIST

[]      **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at INDIAN WELLS, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]      **(BY ELECTRONIC MAIL)** I am personally and readily familiar with the business practice of the firm for the preparation and processing of documents by electronic transmission using the CM/ECF system. I prepared said document(s) in PDF and then caused such document(s) to be served by electronic mail at yeakel@sbemp.com to the above addressee.

[X]      **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 22, 2025, at Indian Wells, California.

*Dianne Yeakel*
_____
Dianne Yeakel

*UNITED STATE DISTRICT COURT; NORTHERN DISTRICT*
*CASE NO. 5:21-cv-09591 PCP*

Jennifer L. Gordon, Esq. (pro hac vice)          *Attorney for Plaintiff*
jgordon@loriumlaw.com                            *Nabih "Nick" Kanaan*
LORIUM LAW
401 N. Michigan Avenue, Suite 1200
Chicago, IL 60611
Telephone: (312) 564-5757
Facsimile: (312) 564-5758


Steven Alan Heath, Esq.                          *Attorney for Plaintiff*
saheath@heathsteinbeck.com                       *Nabih "Nick" Kanaan*
HEATH STEINBECK, LLP
407 N. Maple Drive
Ground Floor
Beverly Hills, CA 90210
Telephone: (213) 335-6245
Facsimile: (213) 335-6246

Slovak Baron Empey Murphy & Pinkney LLP
74774 Highway 111
Indian Wells, CA 92210

19