UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NABIH KANAAN,<br><br>        Plaintiff,<br><br>    v.<br><br>NIZAR YAQUB,<br><br>        Defendant. | Case No.  5:21-cv-09591-PCP<br><br>**ORDER GRANTING PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 84 |

Plaintiff Nabih "Nick" Kanaan brings this action against his former business partner, defendant Nizar Yaqub. Yaqub moves for partial summary judgment on four issues. For the reasons set forth herein, the Court grants summary judgment for Yaqub on Kanaan's fraudulent concealment claim, breach of fiduciary duty claim, and claim arising from Yaqub's alleged misuse of the company's funds to pay for personal expenses.

## BACKGROUND

The parties' business relationship dates back to at least 1998, when they formed a limited liability company (LLC) together along with Yaqub's late wife, Linda Seeley. The LLC purchased a property that the parties ran as a bed and breakfast. In 2007, the parties formed a new LLC, The Inn at Del Monte Beach, to manage the property. Initially, Kanaan owned a 30% interest in the new LLC and Seeley owned a 70% interest. Before she died in 2011, Seeley transferred her interest to Yaqub.  Kanaan alleges that Yaqub engaged in various forms of misconduct for the purpose of squeezing Kanaan out of the LLC and converting to himself all or most of Kanaan's ownership interest. While the history of the dispute is long and complex, the facts relevant to the instant motion are as follows.

In 2010, Yaqub claims to have initiated a capital contribution call for the LLC. According to Yaqub, Kannan failed to respond and his interest was reduced from 30% to 8%. According

Kanaan, he was never informed of the call, in violation of Yaqub's fiduciary duties.

In September 2017, Yaqub, on behalf of the LLC, applied for a liquor license for the property. In that application, he stated that he owned 92% of the LLC and Kanaan owned 8%. In April 2018, the Department of Alcoholic Beverage Control (ABC) sent a letter to Yaqub pointing out the discrepancy between the ownership interests as stated in the application and in the then-active license, which reflected a 70% interest belonging to Seeley and a 30% interest belonging to Kanaan. The ABC requested documentation of the change in ownership percentages, which Yaqub provided. Kanaan alleges that the documents Yaqub provided to the ABC were false.

On June 1, 2018, Yaqub's attorney sent Kanaan a letter that stated:

> I understand that you may initially have been the owner of a thirty percent (30%) interest in the LLC, although there does not appear to be any documentation as to any initial contribution into the LLC …. Then apparently in or about 2010, a request was made that you proportionately contribute toward expenses necessary to complete work required to finish and open the hotel …. You failed to do so …. As a result of your failure to make any contribution, your interest was reduced to eight percent (8%) …. Subsequently there was apparently further agreement and/or action taken that reduced your interest in the LLC to zero, although frankly we have been unable to locate the underlying documentation of that agreement and/or event. If you disagree with any of the above, including that your interest was reduced to 8% in 2010 and/or subsequently reduced to zero, please let me know and provide whatever documentation you have to the contrary.

In November 2018, Yaqub drafted "Minutes to Memorialize Prior Action Taken," which claimed to memorialize the change in ownership percentages that occurred after Kanaan's purported failure to meet the capital call.

On December 1, 2018, Yaqub executed an Amended Operating Agreement for the LLC declaring himself sole owner and backdating the agreement to 2011.

Kanaan filed this lawsuit on December 10, 2021. He asserts claims for breach of fiduciary duty, breach of contract, breach of the implied covenant of good faith and fair dealing, violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 et seq., declaratory and injunctive relief, and fraud through concealment. Yaqub moves for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 on four issues: (1) Kanaan's fraudulent

concealment claim; (2) Kanaan's breach of fiduciary duty claim; (3) allegations concerning harms to the LLC rather than to Kanaan personally; and (4) any claim arising out of Yaqub's alleged misuse of LLC funds for personal expenses.

## LEGAL STANDARD

Courts may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is material if it "might affect the outcome of the suit under the governing law." *Id.*

The moving party bears the initial burden to demonstrate a lack of genuine factual dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 325). The burden then shifts to the nonmoving party to "provide affidavits or other sources of evidence that 'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 1076 (quoting Fed. R. Civ. P. 56(e)).

Rule 56(a) allows a court to enter summary judgment on entire claims or defenses or on a "part of each claim or defense." Partial summary judgment is a "pretrial adjudication that certain issues shall be deemed established for the trial of the case." Fed. R. Civ. P. 56 advisory committee's note to 1946 amendment. This "serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact." *Id.*

## ANALYSIS

### I. Kanaan's fraudulent concealment claim is untimely.

Yaqub argues that Kanaan's fraudulent concealment claim is barred by the statute of limitations. The statute of limitations for fraud in California is three years. Cal. Civ. P. Code § 338(d). The cause of action does not accrue "until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." *Britton v. Girardi*, 235 Cal.App.4th 721, 733 (2015).

Yaqub contends that the letter Kanaan received from Yaqub's lawyer on June 1, 2018,

3

three and a half years before he initiated this action, put him on notice of the facts giving rise to his fraudulent concealment claim. Kanaan argues in response that that letter merely alerted him to "a *potential dispute*," and that the earliest his cause of action for fraud could have accrued was December 1, 2018, when Yaqub executed the Amended Operating Agreement. In Kannan's view, the execution of that agreement was the first action Yaqub took "to legally deprive [him] of his equity interest in the LLC."

The problem with this argument is that the relevant question is when the plaintiff had notice of the dispute, not when all of the elements legally required for a cause of action to accrue were in place. *See Ward v. Westinghouse Can.*, 32 F.3d 1405, 1407 (9th Cir. 1994) (emphasis added) ("[T]he statute begins to run when a reasonable person in the plaintiff's position is on 'inquiry notice' of '*potential wrongdoing*.'"). "Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." *Pedersen v. Greenpoint Mortgage Funding, Inc.*, 900 F. Supp. 2d 1071, 1080 (E.D. Cal. 2012) (cleaned up). The June 1, 2018 letter was more than enough to give Kanaan a suspicion of the wrongdoing that forms the basis of his claim: Yaqub's alleged improper reduction of his ownership interest in the LLC. By that date, it was clear to Kanaan that Yaqub and his legal representative were of the view that Kanaan no longer retained any interest in the LLC, and the mere fact that Yaqub took additional actions consistent with that view after that date does not extend the statute of limitations, which began to run as soon as he received the letter.

Kanaan also contends that parties' disagreement about the date on which he was put on notice of the facts giving rise to his fraudulent concealment claim amounts to a genuine dispute of material fact, foreclosing summary judgment. But the parties' dispute is not a factual one. Both parties agree that Kanaan received a letter from Yaqub's lawyer on June 1, 2018, and both parties agree about the contents of that letter. The only dispute is about the letter's significance for Kanaan's fraudulent concealment claim. That is a legal question, not a factual one.

Because Kanaan filed this lawsuit outside the statute of limitations for his fraudulent concealment claim, Yaqub is entitled to summary judgment in his favor on that claim.

4

**II.    Yaqub's breach of fiduciary duty claim is untimely.**

Yaqub argues that Kanaan's breach of fiduciary claim is barred by the three-year statute of limitations for fraud. "The statute of limitations for breach of fiduciary duty is three years or four years, depending on whether the breach is fraudulent or nonfraudulent." *Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451 (2014), *as modified* (May 27, 2014). As the California Court of Appeal has explained:

> It is widely understood that a plaintiff is not permitted to evade a statute of limitations by artful pleading that labels a cause of action one thing while actually stating another. California courts therefore look to the gravamen of the cause of action. To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action. The nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of limitations under our code. Accordingly, where the gravamen of the complaint is that defendant's acts constituted actual or constructive fraud, the applicable statute of limitations is the Code of Civil Procedure section 338, subdivision (d) three-year limitations period, governing fraud even though the cause of action is designated by the plaintiff as a claim for breach of fiduciary duty.

*Thomson v. Canyon*, 198 Cal. App. 4th 594, 606 (2011) (cleaned up); *see also Fuller v. First Franklin Financial Corp.*, 216 Cal.App.4th 955, 963 (2013) ("The limitations period is three years ... for a cause of action for breach of fiduciary duty where the gravamen of the claim is deceit, rather than the catchall four-year limitations period that would otherwise apply.").

The gravamen of Kanaan's breach of fiduciary claim is fraud. He asserts that Yaqub violated his fiduciary duties by:

> a. Failing to provide notice to Plaintiff of any alleged capital contribution calls;
>
> b. Falsifying documents related to capital contribution calls;
>
> c. Colluding in bad faith with Seeley … to use The LLC's business funds for personal expenses;
>
> d. Colluding in bad faith to purportedly reduce Plaintiff's 30% ownership interest in The LLC to 8% by invoking an alleged terminating event/forced buy-out in bad faith in order to

5

>    misappropriate Plaintiff's capital account, his pro rata share of the profits of The LLC and the Property, and all other income proportionate to his 30% ownership interest.
>
>    e. Intentionally withholding information and documents from Plaintiff, excluding him from alleged meetings, and failing to give him notice of these supposed meetings.

Because the gravamen of the claim is fraud, it is subject to the same three-year statute of limitations as Kanaan's fraudulent concealment claim.

Kanaan argues that the facts alleged in the amended complaint could support a theory that Yaqub's misconduct was merely negligent. But the only allegation consistent with negligence is that Yaqub failed to provide notice of capital contribution calls, and Kanaan does not cite to any material in the record to support his claim that the gravamen of his breach of fiduciary claim could be negligence. Pursuant to Federal Rule of Civil Procedure 56(c), "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Kanaan does neither. Because Kanaan filed this lawsuit more than three years after receiving notice of the facts giving rise to his breach of fiduciary duty claim, Yaqub is entitled to summary judgment on that claim as well.

**III.    Yaqub's request to remove certain material from the amended complaint is denied.**

Yaqub asks the Court to "dismiss" or to enter "judgment in his favor" on several allegations in the first amended complaint that relate to harm experienced by the company rather than by Kanaan personally. But these factual allegations are not independent causes of action subject to dismissal or judgment. The appropriate mechanism to remove allegations from a complaint is a motion to strike pursuant to Federal Rule of Civil Procedure 12(f). The Court may strike material that is "redundant, immaterial, impertinent, or scandalous, Fed. R. Civ. P. 12(f), but motions to strike are "generally not granted unless it is clear that the matter to be stricken could

6

1  have no possible bearing on the subject matter of the litigation," *LeDuc v. Kentucky Cent. Life Ins.*
2  *Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). Although Yaqub contends that the specified material
3  is irrelevant, he has not shown that it has no possible bearing on the subject of the litigation.
4  Accordingly, Yaqub's request is denied.

### IV. Kanaan's claim relating to use of LLC funds to pay for personal expenses is untimely.

Yaqub argues that Kanaan's claim regarding the alleged wrongful use of LLC funds to pay for personal expenses is barred by the statute of limitations whether it is governed by the three-year limitations period for fraud or the four-year limitations period for breach of contract. Yaqub notes that Kanaan admitted in his deposition that Seeley informed him that she and Yaqub were using company funds to pay for personal expenses. It is not disputed that Seeley died in 2011. Accordingly, Kanan was aware of the facts giving rise to any claim regarding the misuse of LLC funds at least ten years before he filed this lawsuit in 2021.

Kanaan makes no mention of this claim in his opposition to Yaqub's motion for summary judgment. A plaintiff abandons claims "by not raising them in opposition to the defendant's motion for summary judgment." *Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (cleaned up); *see, e.g.*, *Baca v. John Muir Health*, No. 21-CV-04898-JSW, 2022 WL 16972489, at *6 (N.D. Cal. Nov. 16, 2022) (granting summary judgment for defendants on a claim that plaintiffs failed to address in their opposition to the motion for summary judgment). The Court therefore deems this claim abandoned and grants summary judgment in Yaqub's favor.

## CONCLUSION

For the foregoing reasons, the Court grants Yaqub's motion for summary judgment as to Kanaan's fraudulent concealment claim, breach of fiduciary duty claim, and claim based on the alleged wrongful use of LLC funds to pay for personal expenses. The Court denies Yaqub's request for judgment as to the complaint's allegations regarding harm to the LLC.

**IT IS SO ORDERED.**

Dated: September 10, 2025

_____
P. Casey Pitts
United States District Judge