Steven A. Heath (SBN 250867)
saheath@heathsteinbeck.com
HEATH STEINBECK, LLP
407 N. Maple Drive, Ground Floor
Beverly Hills, California 90210
Telephone: (213) 335-6245

Jennifer L. Gordon (admitted *pro hac vice*)
jgordon@woodphillips.com
WOOD, PHILLIPS, KATZ, CLARK & MORTIMER
500 West Madison Street, Suite 1130
Chicago, Illinois 60661-2562
Telephone: (312) 876-1800

Attorneys for Plaintiff and Counter-Defendant
NABIH "NICK" KANAAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| NABIH "NICK" KANAAN,<br><br>Plaintiff,<br><br>v.<br><br>NIZAR YAQUB, an individual,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No. 5:21-cv-09591-PCP<br><br>**DECLARATION OF NABIH KANAAN IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: Thursday, December 17, 2026<br>Time: 10:00 a.m.<br>Ctrm: 8, 4th Floor<br>Judge: Hon. P. Casey Pitts |

I, Nabih "Nick" Kanaan, declare as follows:

1. I am the plaintiff and counter-defendant in this action. I am over eighteen years of age. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

2. In 2007, Linda Seeley and I formed The Inn at Del Monte Beach, LLC (the "LLC") to own and operate the property at 1110 Del Monte Avenue in Monterey, California. Ms. Seeley and I signed the LLC's Operating Agreement, which is effective as of November 1, 2007.

3. Exhibit 1 to the Declaration of Jennifer L. Gordon filed with this motion is a true and correct copy of the Operating Agreement, with taxpayer identification numbers redacted. My signature appears on the signature page and on Exhibit A to the Agreement. Exhibit A lists my Membership Interest as 30% and Ms. Seeley's as 70%.

4. Nizar Yaqub, who was Ms. Seeley's husband, was not a member of the LLC when it was formed and did not sign the Operating Agreement.

5. After Ms. Seeley became ill, I agreed that Yaqub would serve as the LLC's manager, and I did not object to Ms. Seeley's transfer of her membership interest in the LLC to him. Ms. Seeley died in July 2011.

6. I have never received a written request, demand, or notice from the LLC, Ms. Seeley, or Yaqub asking me to make an additional capital contribution to the LLC.

7. I have never received notice of any meeting of the LLC's members, and I have never attended or participated in a meeting of members. I have never been asked to sign, and have never signed, a written consent to any action by the members.

8. In late 2009, I met with Yaqub in Monterey, California. At that meeting I was offered the opportunity to buy Ms. Seeley's interest in the LLC for $300,000, and I declined. I was not asked to make a capital contribution. I never agreed, at that meeting or at any other time, orally or in writing, that my 30% interest in the LLC would be reduced to 8% or to any other percentage.

9. I have never signed any amendment to the Operating Agreement, or any minutes, consent, assignment, or other document that reduces, transfers, redeems, or gives up any part of my Membership Interest. I have never been paid anything for any part of my interest.

10. I received no notice before Yaqub signed the "Minutes to Memorialize Prior Action Taken" dated November 15, 2018, or the "First Amended Operating Agreement" that he

signed on December 1, 2018. No one asked me to approve or sign either document, and I did not consent to either one. Yaqub did not send me copies of them.

11. Exhibit 8 to the Gordon Declaration contains text messages I exchanged with Yaqub, including my message stating "any way it's 70/30," which I sent on or about May 31, 2018.

12. I received the letter dated June 1, 2018 from Yaqub's attorney, William J. Murray, which is Exhibit 5 to the Gordon Declaration. I did not agree with it. On July 1, 2018, an attorney I had retained, David Leventhal, responded to Mr. Murray on my behalf and asked for the documents the letter referred to, including the claimed capital-contribution request and notice of the change to 8%.

13. Since Yaqub signed the Minutes and the First Amended Operating Agreement in late 2018, I have not received a payment of any kind from the LLC, including any distribution, share of profits, or return of capital. The only funds received to my recollection were 2 separate checks $10,000 each for a total of $20,000.00 in and around 2016. To my knowledge the funds were sent based on a request to Mr.Yaqub for distributions from a profitable prior year. The funds came from The Inn at Del Monte beach LLC

14. I have never agreed that my interest in the LLC is 8% or zero.

15. On July 14, 2008, I signed a Commercial Guaranty in favor of Pinnacle Bank guaranteeing the LLC's loan from Pinnacle Bank. A copy is included in Exhibit 14 to the Gordon Declaration (pages 4 through 7), and my signature appears on page 7. I have never received a release of that guaranty from Pinnacle Bank or anyone else. No one asked me to approve or sign the August 19, 2020 modification of that loan. The signature on the Gordon Decl. Ex.14 pg. 7 is my signature and I have never received a release of guaranty. Additionally, I was never contacted about an August 2020 loan modification

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 30, 2026, at Bloomingdale, Illinois.

Nabih "Nick" Kanaan