Steven A. Heath (SBN 250867)
saheath@heathsteinbeck.com
HEATH STEINBECK, LLP
407 N. Maple Drive, Ground Floor
Beverly Hills, California 90210
Telephone: (213) 335-6245

Jennifer L. Gordon (admitted *pro hac vice*)
jgordon@woodphillips.com
WOOD, PHILLIPS, KATZ, CLARK & MORTIMER
500 West Madison Street, Suite 1130
Chicago, Illinois 60661-2562
Telephone: (312) 876-1800

Attorneys for Plaintiff and Counter-Defendant
NABIH "NICK" KANAAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| NABIH "NICK" KANAAN,<br><br>Plaintiff,<br><br>v.<br><br>NIZAR YAQUB, an individual,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No. 5:21-cv-09591-PCP<br><br>**DECLARATION OF JENNIFER L. GORDON IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: Thursday, December 17, 2026<br>Time: 10:00 a.m.<br>Ctrm: 8, 4th Floor<br>Judge: Hon. P. Casey Pitts |

I, Jennifer L. Gordon, declare as follows:

1. I am a partner of Wood, Phillips, Katz, Clark & Mortimer and am admitted to practice before this Court *pro hac vice* (Dkt. No. 7). I am counsel for Plaintiff and Counter-Defendant Nabih "Nick" Kanaan. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them. I submit this declaration in support of Plaintiff's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment.

2. Attached as **Exhibit 1** is a true and correct copy of the Operating Agreement for The Inn at Del Monte Beach, a California Limited Liability Company, dated November 1, 2007, with taxpayer identification numbers redacted. This document was marked and identified as Exhibit 1

at the deposition of Defendant Nizar Yaqub, who recognized it. A copy was also filed as Exhibit A to the First Amended Complaint (Dkt. No. 18-1).

3. Attached as **Exhibit 2** is a true and correct copy of excerpts from the certified transcript of the videoconference deposition of Defendant Nizar Yaqub, taken on April 17, 2025, which I attended and at which I examined the witness. The excerpts are in the court reporter's condensed (four-pages-per-sheet) format and include the cover page and the reporter's certificate. The reporter's certificate states that no request was made under Federal Rule of Civil Procedure 30(e) to review the transcript. At the close of the deposition, Defendant's counsel stated on the record that he reserved the right to have Defendant sign the transcript. Ex. 2 at 110:3–4.

4. Attached as **Exhibit 3** is a true and correct copy of the "Option Notice" signed by Linda Seeley, produced by Defendant in discovery at Bates number YAQUB 0002 and marked as Exhibit 2 at Defendant's deposition.

5. Attached as **Exhibit 4** is a true and correct copy of the "Minutes to Memorialize Prior Action Taken" dated November 15, 2018, produced by Defendant at Bates number YAQUB 0001 and marked as Exhibit 3 at Defendant's deposition.

6. Attached as **Exhibit 5** is a true and correct copy of the letter dated June 1, 2018 from William J. Murray of Belzer & Murray LLP to Nabih Kanaan, produced by Defendant at Bates numbers YAQUB 0013–0015 and marked as Exhibit 4 at Defendant's deposition.

7. Attached as **Exhibit 6** is a true and correct copy of the "First Amended Operating Agreement for The Inn at Del Monte Beach, LLC," produced by Defendant at Bates numbers YAQUB 0006–0011 and marked as Exhibit 5 at Defendant's deposition.

8. Attached as **Exhibit 7** is a true and correct copy of Exhibit C to the First Amended Complaint (Dkt. No. 18-3), which was marked as Exhibit 6 at Defendant's deposition. At the deposition, Defendant identified his signature on the December 5, 2018 letter to the Department of Alcoholic Beverage Control (page 8 of the exhibit) and on the Limited Liability Company Questionnaire (page 10 of the exhibit). Page references to Exhibit 7 are to the "Exhibit C . . . Page" numbers in the footer of that document.

9. Attached as **Exhibit 8** is a true and correct copy of text messages between Defendant and Plaintiff, produced by Defendant at Bates numbers YAQUB 0003–0005 and marked as Exhibit 7 at Defendant's deposition.

10. Attached as **Exhibit 9** is a true and correct copy of Defendant Nizar Yaqub's Supplemental Response to Plaintiff's Interrogatories, Set One, dated July 22, 2024, which was served on my office, together with Defendant's verification executed July 18, 2024.

11. Attached as **Exhibit 10** are true and correct copies of excerpts from the federal income tax returns of The Inn at Del Monte Beach, LLC that Defendant produced in discovery: for tax years 2020 through 2024, pages bearing Bates numbers YAQUB 0719, 0722, 0725, 0731, 0734, 0737, 0738, 0747, 0750, 0754, 0763, 0766, 0770, 0771, 0784, 0787, and 0791; and for tax year 2025, pages bearing Bates numbers YAQUB-0833, YAQUB-0835, and YAQUB-0838, which Defendant's counsel produced by email on October 20, 2026. Under Federal Rule of Civil Procedure 5.2(a), my office has redacted the social security number and employer identification number appearing on these pages. No other alteration has been made.

12. Attached as **Exhibit 11** is a true and correct copy of a facsimile cover sheet dated July 17, 2009 from Nick Yaqub to German Baldeon, which Defendant's counsel produced by email on September 18, 2026 at Bates number YAQUB 0832 (part of YAQUB 0832–0849). Defendant's later production of the 2025 tax return reused the numbers YAQUB-0832 through YAQUB-0846; this declaration identifies each document by its production date to avoid confusion.

13. Attached as **Exhibit 12** is a true and correct copy of an errata sheet for Defendant's April 17, 2025 deposition, dated May 19, 2025, which the office of Defendant's counsel emailed to the court reporting firm, Lexitas, with a copy to me, on August 5, 2025. On August 6, 2025, Lexitas sent me the same errata sheet and stated that "[t]he witness did not return a signed signature page." The errata sheet does not state any reason for the changes it lists.

14. Attached as **Exhibit 13** is a true and correct copy of the cover sheet, subpoena and attachment, proof of service, and Declaration of Custodian of Records from the records that the Custodian of Records of Pinnacle Bank produced in response to the subpoena to produce documents that Defendant's counsel, Slovak Baron Empey Murphy & Pinkney LLP, issued on February 13,

2025 and served on February 19, 2025. Pinnacle Bank's custodian executed the declaration on March 13, 2025, and Bosco Legal Services copied the records on March 14, 2025 under its order number 12768375. The production consists of 427 pages and is not Bates-numbered. Exhibit 13 consists of pages 1 and 3 through 7 of the production.

15. Attached as **Exhibit 14** are true and correct copies of excerpts of the same Pinnacle Bank production concerning the LLC's loan from Pinnacle Bank, consisting of the following production pages, in this order: the signature page, Exhibit A, and consent of spouse of the LLC's Operating Agreement, bearing December 13, 2007 facsimile headers (pages 277–279); the Commercial Guaranty of Nick Kanaan dated July 14, 2008 (pages 293–296); the first two pages of the Promissory Note dated December 29, 2009 (pages 234–235); the Change in Terms Agreement dated May 24, 2010 (pages 232–233); the first, third, and seventh pages of the Business Loan Agreement dated May 24, 2010 (pages 281, 284, and 287); Pinnacle Bank's letter dated December 5, 2016 (page 367); the Change in Terms Agreement dated August 19, 2020 (pages 230–231); and the first and last pages of the Commercial Guaranty of Nizar Yaqub dated August 19, 2020 (pages 297 and 300).

16. Attached as **Exhibit 15** are true and correct copies of excerpts of the same Pinnacle Bank production consisting of the following production pages, in this order: a "First Amended Operating Agreement for The Inn at Del Monte Beach, LLC" bearing Defendant's signature (pages 411–416); a Pinnacle Bank Personal Financial Statement of Nizar Yaqub dated June 15, 2020 (pages 38–40); and a Certification of Beneficial Owner(s) signed by Nizar Yaqub and dated August 23, 2020 (page 288).

17. Attached as **Exhibit 16** are true and correct copies of excerpts of the federal income tax returns of The Inn at Del Monte Beach, LLC for tax years 2015 through 2019 contained in the same Pinnacle Bank production, consisting of the first page of each return and its Form 1125-E and, for 2016 and 2019, its Schedule G (production pages 66, 71, 80, 85, 86, 96, 101, 106, 112, 127, 133, and 134).

18. My office added to each page of Exhibits 13 through 16 a stamp showing the exhibit page number (for example, "Gordon Decl. Ex. 14-3") and the page number of the Pinnacle Bank

production from which the page is taken. Under Federal Rule of Civil Procedure 5.2(a), my office redacted the social security numbers, taxpayer identification numbers, dates of birth, and financial account (loan) numbers appearing on these pages, as well as a driver's license number and its expiration date. No other alteration has been made.

19. Under the Court's Standing Order for Summary Judgment Motions, on the date of filing my office served Plaintiff's Separate Statement of Undisputed Material Facts on Defendant's counsel in word-processing format.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 30, 2026, at Chicago, Illinois.

/s/ Jennifer L. Gordon
Jennifer L. Gordon